FIRST DEPARTMENT, DECEMBER, 1959

(December 1, 1959)

■ JEAN HOCHBERG et al., as Administrators of the Estate of PHILIP HOCHBERG, Deceased, Appellants, v. PETITE LADY DRESS CO., INC., et al., Respondents.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Botein, P. J., Breitel, M. M. Frank, Valente and Stevens, JJ.

■ In the Matter of PETITE LADY DRESS CO., INC., et al., Respondents, against JEAN HOCHBERG et al., as Administrators of the Estate of PHILIP HOCHBERG, Deceased, Appellants.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Botein, P. J., Breitel, M. M. Frank, Valente and Stevens, JJ.

■ JOSEPH R. AWAD & CO., INC., Appellant, v. PILLSBURY MILLS, INC., Respondent.— Orders and judgment appealed from unanimously affirmed, with costs. Apart from other considerations it is clear that the oral agreement of October 19, 1951, relied upon by the plaintiff, being a substantial modification of an agreement required to be in writing, must itself be in writing. (*Davison Coal Co.* v. *Weston, Dodson & Co.,* 209 App. Div. 514.) The plaintiff is seeking to avoid the impact of the Statute of Frauds and to resist summary · judgment attempts to bring this case within the estoppel doctrine enunciated in *Imperator Realty Co.* v. *Tull* (228 N. Y. 449). However, it appears that there is some authority to the effect that an estoppel may not be invoked to avoid the Statute of Frauds except in certain cases not here applicable (see *Scheuer* v. *Scheuer,* 308 N. Y. 449). Be that as it may, in order to avail itself of an estoppel, the plaintiff must show prejudice. It must offer evidence (prima facie, at least) to support a finding that except for the acts of the defendant it " could, and presumably would have " obtained the required subsidy (1 Williston on Sales [rev. ed.], § 123, p. 354). The plaintiff offered no evidence whatsoever that would even tend to indicate that it " could, and presumably would " have obtained the subsidy. To the contrary — even apart from the affidavits — the documentary evidence clearly shows that there was absolutely no chance for the plaintiff to obtain such subsidy. Accordingly, the orders and judgment are affirmed. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ.

■ ARNOLD R. KRAKOWER, Appellant, v. EMILY B. HENSHEL et al., as Executrices of ARDE BULOVA, Deceased, Respondents, et al., Defendants.— Order so far as appealed from unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Botein, P. J., Breitel, M. M. Frank, Valente and Stevens, JJ.

■ ARNOLD R. KRAKOWER, Appellant, v. EMILY B. HENSHEL et al., as Executrices of ARDE BULOVA, Deceased, Defendants, and ILEANA M. BULOVA, Respondent.— Order so far as appealed from unanimously affirmed, with $20 costs and disbursements to the respondent Ileana Maria Bulova. No opinion. Concur — Botein, P. J., Breitel, M. M. Frank, Valente and Stevens, JJ.

■ CHABETAYE CHRAIME, Appellant, v. EZRA CATTAN et al., Respondents.— Order and judgment unanimously affirmed, with costs to the respondents. No opinion. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHRISTOPHER MAKISCH, Also Known as CHRISTOPHER JOSEPH MAIKISCH, Appellant.— Order unanimously affirmed. No opinion. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ.