■ ARTHUR W. BRAIMAN, Respondent, v SHARON BRAIMAN, Appellant.— In a custody proceeding, the mother appeals from stated portions of an order of the Supreme Court, Dutchess County, dated May 2, 1979, which, *inter alia,* denied her motion (1) for a change of venue and (2) for increased visitation pending the hearing *de novo.* Order affirmed insofar as appealed from, with $50 costs and disbursements. The new hearing in this matter shall be held before a Justice of the Supreme Court who has not presided over any previous aspect of this proceeding. We have reviewed appellant's allegations of error and find them to be without merit. The "new hearing [should be] held with utmost expedition" as directed by the Court of Appeals *(Braiman v Braiman,* 44 NY2d 584, 587). We believe, however, that the interests of justice will be best served if the new hearing is held before a Justice who has not presided over any previous aspect of this proceeding, and we so direct. We also note that the visitation allowed to the mother by Special Term's order of July 6, 1976 should not be further frustrated. O'Connor, J. P., Lazer, Rabin and Gulotta, JJ., concur.

■ JOAN DI GENNARO, Appellant, v ANTHONY R. DI GENNARO, Respondent.—In a matrimonial action in which the plaintiff wife was previously granted a judgment of divorce, plaintiff appeals from an order of the Supreme Court, Nassau County, dated January 23, 1979, which denied her motion for a counsel fee in connection with the appeal by defendant from the judgment of divorce. Order reversed, on the law and the facts, with $50 costs and disbursements, motion granted, and plaintiff is awarded a counsel fee of $1,000 in connection with the prior appeal. Under the facts and circumstances, we believe that a counsel fee of $1,000 is appropriate. Shapiro, J. P., Cohalan, Margett and Martuscello, JJ., concur.

■ EMERGENCY BEACON CORPORATION, Respondent, et al., Plaintiff, v JACK POLISH et al., Defendants, and SHERMAN AND CITRON, Appellant.—In an action, *inter alia,* to recover damages for legal malpractice and for conspiracy to defraud, defendant Sherman and Citron appeals from so much of an order of the Supreme Court, Westchester County, dated May 5, 1978, as denied its motion to dismiss pursuant to CPLR 3211 (subd [a], par 3), on the ground that plaintiff Emergency Beacon Corporation lacked legal capacity to sue. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and action on behalf of the plaintiff corporation is dismissed. Before it commenced this action, the plaintiff corporation had been adjudicated a bankrupt and a trustee had been appointed for it. At that point, the right to prosecute all causes of action that it might previously have prosecuted passed to the trustee (see US Code, tit 11, § 110, subd [a], pars [5], [6]), and the corporation lost the capacity to sue on its own behalf (see *Harrigan v Bergdoll,* 270 US 560; *Chraime v Cattan,* 16 Misc 2d 531, affd 9 AD2d 870). Hopkins, J. P., Titone, Mangano and Gulotta, JJ., concur.