■      MERCO PROPERTIES, INC., Respondent-Appellant, v AETNA CASUALTY & SURETY COMPANY, Appellant-Respondent.—Appeal from order of the Supreme Court, Kings County, dated January 3, 1978 dismissed, without costs or disbursements. Said order was superseded by an order of the same court entered June 3, 1977 upon reargument. Order entered June 3, 1977, affirmed, without costs or disbursements. No opinion. Titone, J. P., O'Connor, Martuscello and Gibbons, JJ., concur.

■  ·    MONTCO, INC., Plaintiff, v EMERGENCY BEACON CORPORATION, Defendant and Third-Party Plaintiff-Appellant, et al., Defendants, and JACK POLISH et al., Third-Party Defendants. SHERMAN AND CITRON, Third-Party Defendant-Respondent.—In an action to foreclose a mortgage, in which defendant Emergency Beacon Corporation brought a third-party action for conspiracy to defraud, said defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County, dated March 30, 1979, as granted the motion of third-party defendant Sherman and Citron, pursuant to CPLR 3211 (subd [a], par 4), to dismiss the third-party action as against it on the ground that there was another action pending between the same parties for the same causes of action in a different court. Order affirmed insofar as appealed from, with $50 costs and disbursements. By order dated September 24, 1979 *(Emergency Beacon Corp. v Polish,* 71 AD2d 995), this court held that appellant herein lacked capacity to sue on the ground that a trustee in bankruptcy had been appointed for it (see US Code, tit 11, § 110, subd [a], pars [5], [6]; *Chraime v Cattan,* 16 Misc 2d 531, affd 9 AD2d 870). Appellant also lacks capacity to sue as a third-party plaintiff in this case and, hence, there must be an affirmance. Were we to reach the merits, we would hold that the record herein reveals no abuse of discretion by Special Term in dismissing the third-party action as against respondent. O'Connor, J. P., Rabin, Gulotta and Margett, JJ., concur.