PER CURIAM:
Appellant Thomas Olick, a member of the plaintiff class in the underlying securities class action, appeals from orders of the United States District Court for the Southern District of New York (Robert W. Sweet, Judge) granting class counsel’s motion for supplemental fees and expenses and, with the exception of a small portion of expenses, denying Olick’s motion for an award of consulting fees and expenses for services rendered to the class.
I.
In conjunction with a proposed $8.25 million settlement of the underlying-class action litigation, class counsel and Olick filed fee applications. Although Olick was not a class representative or an attorney, Olick’s application sought consulting fees and expenses that he claimed to have incurred on behalf of the class. In an opinion entered on October 6, 1994, the district court approved the proposed settlement, granted for the most part the attorneys’ fee applications, and granted a portion of Olick’s request for fees and expenses. The district court entered final judgment and an order of dismissal on November 21, 1994, and this Court affirmed that judgment in Maywalt v. Parker & Parsley Petroleum Co., 67 F.3d 1072 (2d Cir.1995). In the interim, on March 30,1995, the district court denied Olick’s motion for reconsideration of. the order denying the bulk of his fee application and for sanctions against class counsel. Olick did not file a notice of appéai from either the November 1994 final judgment or the March 1995 denial of his motion for reconsideration.
In August 1996, class counsel moved for a supplemental award of attorneys’ fees and expenses to cover time and expenses spent defending the settlement. Olick filed objections to class counsel’s applications, arguing principally that class counsel had breached an alleged retainer agreement' specifying *515 counsel’s hourly rates. Olick, who had filed a Chapter 13 bankruptcy petition in 1993, also sought a stay of any distribution of the settlement fund until the resolution of an adversary proceeding that he had filed in bankruptcy court. He filed an application for an award of supplemental fees for consulting services that he claimed to have provided to the class.
The district court granted Olick’s supplemental application in part and denied it in part on January 9, 1997, and granted class counsel’s application .for supplemental fees and expenses on May 12, 1997. The district court subsequently entered an order directing distribution of the settlement fund, and on June 3, 1997 it entered a final order stating that “no further proceedings are necessary and the action is closed.” Olick filed a notice of appeal two days later.
II.
To the extent that Olick challenges the district court’s November 1994 judgment approving the settlement or the March 1995 order denying his motion for reconsideration, we are without jurisdiction to entertain the appeal. Olick failed to file a notice of appeal within thirty days of the date of entry of the March 1995 order disposing of his motion for reconsideration. See Fed. R.App. P. 4(a)(1) & 4(a)(4)(F). This time limit is “mandatory and jurisdictional.” Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61, 103 S.Ct. 400, 74, L.Ed.2d 225 (1982) (per curiam).
Olick is able, however, to appeal from the January 1997 and May 1997 orders regarding his own and class counsel’s supplemental fee applications. He timely filed his notice of appeal as to these orders on June 5, 1997, following the district court’s entry of a final order on June 3, 1997. Accordingly, we entertain Oliek’s appeal insofar as it challenges those two orders.
III.
On appeal, Olick raises three issues related to the filing of his Chapter 13 bankruptcy petition: jurisdiction, standing, and the denial of his motion to stay the district court proceedings. We address each in turn.
Jurisdiction: The district court properly exercised its jurisdiction to rule on Olick’s supplemental fee application, notwithstanding Olick’s filing of a Chapter 13 bankruptcy petition. The district court was not divested of its jurisdiction by reason of Ol-ick’s bankruptcy; whether or not his application for a supplemental fee award fell within the jurisdiction of the bankruptcy court, as a civil proceeding “related to” a case under the Bankruptcy Code, 28 U.S.C. § 1334(b), the district court nevertheless shared concurrent jurisdiction with the bankruptcy court. Cf., e.g., Brock v. Morysville Body Works, Inc., 829 F.2d 383 (3d Cir.1987).
Standing: Recognizing that Olick filed his application for a supplemental award for fees and expenses after he had filed his Chapter 13 petition, we nevertheless find that Olick had standing in district court to pursue that action in his own name without joinder or substitution of the trustee, as a necessary party to the action.
Olick’s bankruptcy estate contained his claim for a supplemental award for fees and expenses. See 11 U.S.C.. §§ 541(a)(1), 1306(a)(1); Seward v. Devine, 888 F.2d 957, 963 (2d Cir.1989) (bankruptcy estate includes “any causes of action possessed by the debt- or”). Pursuant to § 323(a) and (b), the trustee is the representative of the estate and has capacity to sue and be sued. The Bankruptcy Code itself is silent as to whether a debtor retains the capacity to sue others when a cause of action belongs to the bankruptcy estate.
Although this Court has not previously ruled on the issue, we conclude that a Chapter 13 debtor, unlike a Chapter 7 debt- or, has standing to litigate causes of action that are not part of a case under title 11. See, e.g., In re Freeman, 72 B.R. 850, 854 (Bankr.E.D.Va.1987) (“The reality of a filing under Chapter 13 is that the debtors are the true representatives of the estate and should be given the broad latitude essential to control the progress of their case.”). Although some courts of appeals have held that Chap *516 ter 7 debtors have ho standing to pursue causes of actions that belong to the estate, see, e.g., Bauer v. Commerce Union Bank, 859 F.2d 438, 441 (6th Cir.1988), we reach the contrary holding with respect to Chapter 13 debtors who pursue such causes of action. The legislative history of § 1303, which sets out the exclusive rights of a Chapter 13 debtor, supports the holding that a Chapter 13 debtor’s standing is different. Both the House of Representatives and Senate floor managers of the Uniform Law on Bankrupt cies, Pub.L. No. 95-598 (1978), stated that:
Section 1303 ... specifies rights and powers that the debtor has exclusive of the trustees. The section does not imply that the debtor does not also possess other powers concurrently with the trustee. For example, although Section [323] is not specified in section 1303, certainly it is intended that the debtor has the power to sue and be sued.
124 Cong. Rec. H. 11,106 (daily ed. Sept. 28, 1978) (remarks of Rep: Edwards); S. 17,423 (daily ed. Oct. 5, 1978) (remarks of Sen. DeConcini). It is also the case that in Chapter 13 proceedings (unlike Chapter 7 proceedings) the creditors’ recovery is drawn from the debtor’s earnings, not from the assets of the bankruptcy estate; it is only the Chapter 13 debtor who stands to gain or lose from efforts to pursue a cause of action that is an asset of the bankruptcy estate. Accordingly, the trustee’s participation in such an action is generally not needed to protect the Chapter 13 creditors’ rights.
Inasmuch as Olick’s activities before the district court did not involve any attempt to assert the trustee’s avoiding powers, see 11 U.S.C. §§ 544-53, we need not consider, and deliberately express no opinion regarding, whethér a Chapter 13 debtor would be able to invoke those powers in an action to augment the bankruptcy estate. Cf. In re Hamilton, 125 F.3d 292, 295-97 (5th Cir.1997) (describing courts’ divergent holdings regarding Chapter 13 debtor’s use of avoiding powers).
The Automatic Stay: The district court did not err in denying Olick’s motion to stay the proceedings. As the district court correctly pointed out, the automatic stay pursuant to 11 U.S.C. § 362 enjoins actions “against the debtor” (emphasis supplied). It prevents the commencement or continuation, after a bankruptcy petition has been filed, of lawsuits and proceedings to recover a claim against the debtor that arose before the filing of the petition. 11 U.S.C. § 362(a); Koolik v. Markowitz, 40 F.3d 567 (2d Cir.1994) (per curiam). In the case at bar, the opposite occurred:, No party sought to recover a claim “against” Olick; rather, Olick sought to recover from the settlement fund.
IV.
We have carefully considered all of Olick’s challenges to the district court’s grant of a . supplemental award to class counsel, and to the district court’s denial of the bulk of Ol-ick’s supplemental application, and we find that the district court did not abuse its discretion with respect to these rulings. See, e.g., Orchano v. Advanced Recovery, Inc., 107 F.3d 94, 98 (2d Cir.1997).
V.
For the reasons set forth above, we affirm the orders of the district court that denied in part and granted in part Olick’s supplemental fee application and granted class counsel’s supplemental fee application.