**In the matter of Marques STEWART, Debtor.**

No. 02–43354.

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

March 6, 2007.

R. Wade Gastin, Savannah, GA, for Debtor.

O. Byron Meredith, III, Savannah, GA, for Chapter 13 Trustee.

Howard A. Spier, Miami, FL, Debtor's Personal Injury Attorney.

### MEMORANDUM AND ORDER ON DEBTOR'S MOTION TO SET ASIDE PURPORTED SETTLEMENT

LAMAR W. DAVIS, JR., Bankruptcy Judge.

The Debtor has filed a motion to set aside the purported settlement of his personal injury claim arising under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51. *See* Dckt. No. 58 (December 27, 2006). As an interested party to the Debtor's FELA claim, CSX Transportation, Inc. (hereinafter, "CSX") filed a response and objection to the Debtor's motion. A trial on the Debtor's motion was held on February 21, 2007. Pursuant to the evidence and legal arguments presented by the parties, I make the following findings of fact and conclusions of law.

### FINDINGS OF FACT

The Debtor filed his Chapter 13 case on October 11, 2002, and a Chapter 13 plan was confirmed on March 11, 2003. On March 19, 2005, the Debtor was injured on the job while working for CSX in Florida. The Debtor retained the services of Howard Spier, an attorney from Miami, who filed a FELA claim on the Debtor's behalf in Florida state court on November 7, 2005. Mr. Spier filed a motion with this Court to be employed as the Debtor's personal injury attorney. *See* Dckt. No. 40 (May 2, 2006). This Court granted this application as well as Mr. Spier's application to appear *pro hac vice*. *See* Dckt. No.

45 (June 20, 2006); Dckt. No. 46 (June 20, 2006).

According to the affidavit of Michael P. Milton, attorney for CSX, the Debtor disclosed in a July 25, 2006, deposition that he had a pending bankruptcy case. *See* Dckt. No. 69, Ex. A (February 1, 2007). CSX searched the Debtor's file and discovered hearings before this Court on April 25, 2006, and June 20, 2006, revealing statements by the Debtor's bankruptcy counsel to the effect that the Debtor was close to settling his FELA claim and that it was worth at least $125,000.00. On August 14, 2006, Mr. Milton sent a letter to Sylvia Ford Brown, the standing Chapter 13 Trustee for the Savannah division of the Southern District of Georgia at the time. Receiving no response from Ms. Brown, Mr. Milton contacted Carl Ivey, an employee with the Chapter 13 Trustee's office. Mr. Milton asserts that he described the circumstances of the Debtor's FELA claim against CSX to Mr. Ivey, who informed him that Andraya Mimms–Smith, a staff attorney for the Chapter 13 Trustee, was the individual to talk to about settlement of the Debtor's claim. *See Id.*

Afterwards, on November 27, 2006, Mr. Milton left a telephone message for Ms. Mimms–Smith. The next day, Mr. Milton had a thirty minute conversation with Ms. Mimms–Smith. As demonstrated at the February 21, 2007, trial, there is considerable disagreement over what was discussed during that conversation. Mr. Milton testified that Ms. Mimms–Smith told him that she had authority to settle the Debtor's FELA claim and that a settlement of $125,000.00 was actually reached. *See Id.* Ms. Mimms–Smith denied that she told Mr. Milton that she had authority to settle the case, and she denied that a settlement was actually reached. Instead, she testified that Mr. Milton told her a

settlement had already been reached with the Debtor and that he sought the Chapter 13 Trustee's consent.[1] CSX has produced a document entitled CSX Transportation, Inc. Settlement and Final Release of All Claims, which "settles" the Debtor's FELA claim for $125,000.00 and is signed by Ms. Mimms–Smith. *See Id.*, Ex. A, Attch. D. However, this document is not signed by the Debtor, Mr. Spier, or the Debtor's bankruptcy counsel.

It is this purported settlement that the Debtor seeks to set aside. The Debtor asserts that because Mr. Spier was specially appointed by this Court to handle his FELA claim and because no communications or negotiations were made between CSX and the Debtor and Mr. Spier, no settlement or agreement reached between the Chapter 13 Trustee and CSX can be binding on him. Furthermore, because Leroy Hurt, a manager field investigator for CSX, asserted that he had not communicated or authorized any settlement offers to the Debtor or his attorney concerning the Debtor's FELA claim, whatever statements were made by the Debtor's bankruptcy counsel at the hearings in April and June cannot be construed as evidence of the Debtor's acceptance of a settlement. *See Id.*, Ex. B. The Chapter 13 Trustee agrees with the Debtor on all these points and joins in the request that the purported settlement with CSX be set aside. *See* Dckt. No. 72 (February 15, 2007).

CSX opposes the Debtor's motion. It contends that the Debtor's FELA claim is a post-confirmation asset that remained property of the Debtor's bankruptcy estate. As such, CSX argues that the Chapter 13 Trustee had the authority to settle the Debtor's claim. Furthermore, CSX claims that both Mr. Ivey and Ms. Mimms–Smith represented to its counsel that the Chapter 13 Trustee had the authority to settle the Debtor's FELA claim. CSX also points to the settlement and release signed by Ms. Mimms–Smith as evidence of a binding agreement. Therefore, the settlement between CSX and the Chapter 13 Trustee should not be set aside but should be binding on the Debtor. For the reasons set forth below, I grant the Debtor's motion.

### CONCLUSIONS OF LAW

#### I.

■ The first question is whether the Debtor's FELA claim against CSX is estate property. The Debtor's Chapter 13 plan was confirmed on March 11, 2003, but the injury giving rise to his FELA claim occurred on March 19, 2005. In my recent decision of *In re Harvey*, 356 B.R. 557 (Bankr.S.D.Ga.2006), I concluded that the estate transformation approach, as adopted by the Eleventh Circuit in *Telfair v. First Union Mortgage Corp.*, 216 F.3d 1333 (11th Cir.2000), does not apply to assets acquired by a Chapter 13 debtor after plan confirmation but before the case is closed, converted, or dismissed. Because the Debtor's FELA claim arose after the Debtor's Chapter 13 plan was confirmed and because the Debtor's Chapter 13 case is ongoing, I conclude that the Debtor's FELA claim is property of his bankruptcy estate.[2]

---

1. It is undisputed that Ms. Mimms–Smith did not have any file material with which to evaluate the merits of the FELA claim. She had no incident reports, no medical reports or anything else that would be required to make such an evaluation. Moreover, she is emphatic that she has no expertise in this field, and would never have undertaken the responsibility of making such a decision.

2. It should be noted that *Harvey* is presently on appeal to the District Court for the Southern District of Georgia. A reversal of *Harvey*, however, would not affect the result of this case. In such a scenario, the Debtor's FELA

## II.

■ The second question is whether the Chapter 13 Trustee can bind the Debtor to a settlement that the Debtor did not participate in. The Second Circuit Court of Appeals in *Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515 (2d Cir. 1998), noted that the "Bankruptcy Code itself is silent as to whether a debtor retains the capacity to sue others when a cause of action belongs to the bankruptcy estate." 11 U.S.C. § 1303[3] grants to a Chapter 13 debtor, exclusive of the trustee, the rights and powers relating to the use, sale, and lease of estate property that are conferred upon a trustee by Section 363. After an analysis of Section 1303, the court in *Olick* concluded that "a Chapter 13 debtor, unlike a Chapter 7 debtor, has standing to litigate causes of action that are not part of a case under Title 11." *Id.* at 515. The court came to this conclusion based on the legislative history of Section 1303, which states in part:

> Section 1303 ... specifies rights and powers that the debtor has exclusive of the trustees. The section does not imply that the debtor does not also possess other powers concurrently with the trustee. *For example, although Section 323 is not specified in Section 1303, certainly it is intended that the debtor has the power to sue and be sued.*

*Id.* at 516 (citing 124 CONG. REC. H11,106 (daily ed. Sept. 28, 1978)(remarks of Rep. Edwards); S17,423 (daily ed. Oct. 5, 1978)(remarks of Sen. DeConcini)) (emphasis added).

In the Eleventh Circuit, the starting point is *Crosby v. Monroe County*, 394 F.3d 1328 (11th Cir.2004). In that case,

the plaintiff brought, among others, a 42 U.S.C. § 1983 claim against various state government employees. After dismissing all of the claims against most of the defendants, the district court entered summary judgment against the plaintiff on the remaining federal law claims against the remaining defendant. The plaintiff appealed this grant of summary judgment to the Eleventh Circuit Court of Appeals. After filing the appeal, however, the plaintiff filed a Chapter 13 case. After noting that the plaintiff's bankruptcy filing and the resulting automatic stay did not prevent the court from hearing the appeal, the court held that "because [the plaintiff] filed under Chapter 13 of the Bankruptcy Code, he retains standing to pursue legal claims on behalf of the estate." *Id.* at 1331 n. 2 (citing 11 U.S.C. § 1303; Fed. R. Bankr.P. 6009; *In re Mosley*, 260 B.R. 590 (Bankr. S.D.Ga.2000)).

Likewise, in the case of *Cable v. Ivy Tech State College*, 200 F.3d 467 (7th Cir. 1999), the debtor filed a discrimination claim after filing a Chapter 7 case. The Chapter 7 trustee was substituted as plaintiff in the discrimination case. The debtor's bankruptcy case was later converted to Chapter 13. Because the Chapter 7 trustee remained as the named plaintiff despite the conversion, the defendant challenged the debtor's standing to appeal from an adverse ruling. Relying on Section 1306, the Seventh Circuit Court of Appeals held that it "would frustrate the essential purpose of Section 1306 to grant the debtor possession of the chose in action yet prohibit him from pursuing it for the benefit [of] the estate." *Id.* at 473. As a result, the court concluded that the

---

claim would not be estate property but would be vested solely in the Debtor. Therefore, any action by the Chapter 13 Trustee, a stranger to the Debtor's FELA case, could not bind the Debtor.

3. Hereinafter, all Section references are to Title 11 of the United States Code.

debtor had standing to pursue the appeal. *Id.* at 479.

Pursuant to the Eleventh Circuit's decision in *Crosby* and the interpretations of a Chapter 13 debtor's rights and duties pursuant to Sections 1303 and 1306 by *Olick* and *Cable,* respectively, I conclude that the Debtor has, at minimum, concurrent standing with the Chapter 13 Trustee to participate in any settlement discussions as well as standing to challenge the existence of any purported settlement between CSX and the Chapter 13 Trustee, which bypassed his counsel.

### III.

■■■ This conclusion is reinforced by Federal Rules of Bankruptcy Procedure 9019 and 6009. Under Rule 9019, a court may approve a compromise or settlement upon the motion of a trustee and after notice and a hearing. FED. R. BANKR.P. 9019(a). The debtor is listed as one of the parties that shall receive notice of the hearing. *See Id.; see also Griffin v. Novastar Mortgage, Inc. (In re Ramsey),* 356 B.R. 217, 228 (Bankr.D.Kan.2006)(concluding that a Chapter 13 debtor had standing to object to a proposed sale of real property by the Chapter 13 trustee). Moreover, Rule 6009 provides that the "trustee or debtor in possession" may prosecute or "defend any pending action or proceeding by or against the debtor ... in behalf of the estate before any tribunal." FED. R. BANKR.P. 6009. In this context, "trustee" or "debtor in possession" includes a Chapter 13 debtor. *See Crosby,* 394 F.3d at 1331 n. 2; *Cable,* 200 F.3d at 472; *In re*

*Mosley,* 260 B.R. 590 (Bankr.S.D.Ga.2000)(concluding that a Chapter 13 trustee's purported acceptance of a settlement could not render moot the adversary proceeding instituted and prosecuted by the debtor against her employer).

Therefore, even assuming without deciding that the settlement advanced by CSX is binding on the Chapter 13 Trustee, it is not binding on the Debtor. The Debtor had concurrent authority along with the Chapter 13 Trustee under Sections 1303 and 1306 and Rules 6009 and 9019 to commence, prosecute, and possibly compromise his FELA claim in Florida state court, and he elected to do so. The Debtor had no notice that CSX was attempting to settle his FELA claim with Ms. Mimms–Smith, and he did not agree to compromise his claim. As the party that brought and is now prosecuting his FELA claim on behalf of the estate, the Debtor cannot be bound to a "settlement" that he never assented to.

### ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that the Debtor's motion to set aside the purported settlement agreement between CSX and the Chapter 13 Trustee is GRANTED.