**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 11, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SHAUNA E. SMITH,

      Plaintiff-Appellant,

      v.

DAVID ROCKETT; LINDSEY
WILLIS–ANDREWS; CLARK &
ROCKETT PC; ROCK PILE LLC;
ALLIED PHYSICIANS GROUP INC.;
BRENT D. SIEMENS; BRENT D.
SIEMENS INC; JERRY J. DUNLAP,
II,

      Defendants-Appellees.

No. 06-6331

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 06–CV–492–M)**

---

Nancy A. Zerr (Garvin A. Isaacs with her on the briefs), Garvin A. Isaacs, Inc., Oklahoma City, Oklahoma, for Plaintiff-Appellant Shauna E. Smith.

Joseph B. Miner, Little, Miner & Petersen, Oklahoma City, Oklahoma, for Defendants-Appellees David Rockett, Lindsey Willis-Andrews, Clark & Rockett, P.C., and Rock Pile, L.L.C., and James A. Slayton, Oklahoma City, Oklahoma, for Defendants-Appellees Allied Physicians Group, Inc., Brent D. Siemens, Inc., and Brent D. Siemens, and Jerry J. Dulap, II, Oklahoma City, Oklahoma, for Defendant-Appellee Jerry J. Dunlap, II.

---

Before **O'BRIEN**, **McKAY**, and **HOLMES**, Circuit Judges.

**McKAY**, Circuit Judge.

Plaintiff Shauna Smith filed a civil complaint in the district court alleging a violation of the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692-1692p, and various state law claims against Defendants. The district court held that Plaintiff lacked standing to file this case because her Chapter 13 bankruptcy case was still pending at the time of filing. Plaintiff appeals the dismissal of her complaint for lack of standing.

Plaintiff asserts that she first knew of the causes of action asserted in this complaint on May 5, 2005. Plaintiff filed her Chapter 13 bankruptcy petition on October 13, 2005, and she filed this civil complaint on May 4, 2006. On May 19, 2006, the bankruptcy court dismissed Plaintiff's bankruptcy case with prejudice. The district court dismissed the instant case for lack of standing on August 11, 2006. Plaintiff subsequently filed a motion to alter or amend judgment, which was denied by the district court on October 2, 2006. Plaintiff timely filed her notice of appeal on October 30, 2006.

"We review questions of standing de novo and construe the complaint in favor of the plaintiff, accepting as true all material allegations." *Catron County Bd. of Comm'rs, N.M. v. U.S. Fish & Wildlife Serv.* 75 F.3d 1429, 1433 (10th Cir. 1996) (citations omitted). Standing is assessed as of the time the action was

-2-

commenced. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 n.5 (1992).

The district court "dismissed this action simply based on the fact that [Plaintiff's] bankruptcy case was pending at the time she filed this action and, consequently, [P]laintiff lacked standing to file it." (R. Doc. 61 at 2.) The district court supported this decision with citations to cases holding that the bankruptcy trustee in a Chapter 7 case has exclusive standing to assert claims belonging to the bankruptcy estate. *See, e.g., Vidal v. Doral Bank Corp.*, 363 F. Supp. 2d 19, 22 (D.P.R. 2005). Similarly, in their brief on appeal Defendants cite to several cases involving Chapter 7 proceedings and to the statutory provision defining the duties of a Chapter 7 trustee, 11 U.S.C. § 704(a)(1), in support of their argument that the trustee in Plaintiff's bankruptcy case had exclusive standing to bring the instant complaint.

However, Plaintiff's bankruptcy case was brought under Chapter 13, not Chapter 7. In a Chapter 13 case, unlike a Chapter 7 case, the debtor remains in possession of the property of the estate. *See* 11 U.S.C. § 1306(b). The duties of a Chapter 13 trustee differ from those of a Chapter 7 trustee, *compare* 11 U.S.C. § 1302(b) *with* 11 U.S.C. § 704(a), while a Chapter 13 debtor has many of the same rights and powers as a Chapter 7 trustee, *see* 11 U.S.C. § 1303.

Because of these differences between Chapter 7 and Chapter 13 bankruptcies, the four circuit courts to consider this issue have all concluded that

Chapter 13 debtors have standing to bring claims in their own name on behalf of the bankruptcy estate.[1] *See Crosby v. Monroe County*, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004); *Cable v. Ivy Tech State College*, 200 F.3d 467, 472-74 (7th Cir. 1999); *Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515-16 (2d Cir. 1998); *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1209 n.2 (3d Cir. 1992); *see also Autos, Inc. v. Gowin*, 244 F. App'x 885, 899 (10th Cir. 2007) (citing this authority and concluding that Chapter 13 debtor had standing to pursue claim on benefit of estate). "It would frustrate the essential purpose of § 1306 to grant the debtor possession of the chose in action yet prohibit him from pursuing it for the benefit [of] the estate." *Cable*, 200 F.3d at 473; *see also In re Bowker*, 245 B.R. 192, 200 (Bankr. N.J. 2000) (explaining other practical reasons why debtor rather than trustee should have standing to pursue litigation on behalf of Chapter 13 bankruptcy estate).

This conclusion is supported by the legislative history of the bankruptcy provisions: "Both the House of Representatives and Senate floor managers of the Uniform Law on Bankruptcies, Pub. L. No. 95-598 (1978), stated that . . . 'although Section [323] is not specified in section 1303, certainly it is intended

---

[1] Inexplicably, Plaintiff failed to discuss this persuasive authority in her filings to the district court and in her brief on appeal, citing only to *Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513 (2d Cir. 1998), and failing to clearly explain how that case supported her argument that she had standing.

that the [Chapter 13] debtor has the power to sue and be sued.'" *Olick*, 145 F.3d at 516 (first alteration in original) (quoting 124 Cong. Rec. H11, 106 (statement of Rep. Edwards); 124 Cong. Rec. S17, 423 (statement of Sen. DeConcini). Rule 6009 of the Federal Rules of Bankruptcy Procedure also supports the conclusion that the Chapter 13 debtor has standing to bring a civil complaint: "With or without court approval, the trustee *or debtor in possession* may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal." Fed. R. Bankr. P. 6009 (emphasis added).[2]

We find this authority persuasive. We therefore hold that Plaintiff, as a Chapter 13 debtor, had standing to file this complaint on behalf of the bankruptcy estate. Because the district court did not address any of the alternative grounds for dismissal asserted by Defendants, we decline to address those issues for the first time on appeal, leaving them for the district court to consider on remand.[3]

_____

[2] We recognize that "debtor in possession" is a term of art found only in the Chapter 11 context. However, "the Chapter 13 debtor has been considered analogous to Chapter 11, which grants the debtor full authority as representative of the estate typical of a trustee." *Cable*, 200 F.3d at 472 (citation omitted); *see Campion v. Credit Bureau Servs.*, 206 F.R.D. 663, 669 (E.D. Wash. 2001).

[3] Plaintiff also appeals the denial of her motion for substitution and motion for the court to take judicial notice of Defendant David Rockett's probate case following his death on August 19, 2006. The district court held that these motions were moot because the court had already dismissed Plaintiff's complaint for lack of standing. Because we reverse the court's dismissal of the complaint,
(continued...)

We note that Plaintiff's bankruptcy case was dismissed with prejudice approximately two weeks after she filed her complaint in this case. Defendants' argument that the dismissal of Plaintiff's bankruptcy case precludes any further bankruptcy proceedings may need to be addressed in the proceedings on remand, given our conclusion that Plaintiff had standing in her capacity as a Chapter 13 debtor rather than in her individual capacity. We conclude that it would be best to leave this argument to be considered in the first instance by the bankruptcy court, if necessary. *See In re Gorski*, 766 F.2d 723, 728 n.4 (2d Cir. 1985) (argument, raised for first time on appeal, that bankruptcy court would not have authority to reopen case dismissed based on debtor's noncompliance with plan "need not be answered here and may be pressed on remand"). If the district court decides that none of the alternative grounds for dismissal asserted by Defendants apply, the bankruptcy court should determine whether it would be permissible and appropriate to reopen Plaintiff's bankruptcy case. The bankruptcy court may also determine whether sanctions would be appropriate for Plaintiff's alleged failure to disclose these causes of action in her bankruptcy schedule. If the bankruptcy court concludes that the bankruptcy case should not be reopened, the district court should determine whether, as Defendants argue, Plaintiff permanently lost

[3](...continued)
we vacate the court's denial of these motions and direct the court to reconsider them on remand.

possession of these causes of action under 11 U.S.C. § 554(d) because she failed to properly list them in her bankruptcy schedule.

We **REVERSE** and **REMAND**.

06-6331, *Smith v. Rockett*

**O'Brien, J.**, dissenting.

The majority has assembled an impressive list of cases concluding a Chapter 13 debtor has the capacity to sue on behalf of the bankruptcy estate without court supervision. (Majority Op. at 4.) Perhaps it is shoveling sand against the tide, but I think we should do more than find and follow non-binding cases. Such decisions are appealing only to the extent of their power to persuade.[1] I am not persuaded and, thus, dissent.

The common thread in the cases cited by the majority reveals two bases for concluding a Chapter 13 debtor has capacity to sue: legislative history and Rule 6009 of the Federal Rules of Bankruptcy Procedure. But the legislative history is utterly at odds with statutory text and the Rule 6009 rationale is more legerdemain than reason. This result is contrary to the plain language of the bankruptcy code and is not sanctioned by bankruptcy rules. And giving a Chapter 13 debtor an expansive right to self help, independent of and untethered to oversight by the bankruptcy court, is unwarranted and unwise.

A. Legislative History

All seem to agree on one thing—the bankruptcy code does not expressly give a Chapter 13 debtor capacity to sue in her own name as a representative of the estate. That should end the debate, but the cases cited by the majority have

---

[1] *Gravitas, dignitas, pietas.*

read such a provision into the bankruptcy code, implementing, they say, congressional intent.  Doing so ignores the preeminent canon of statutory construction—we "presume that a legislature says in a statute what it means and means in a statute what it says there." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992).  Are first principles best honored in their breach?  It is perverse logic to conclude Congress meant what it did not say.[2]

"When the words of a statute are unambiguous . . . this first canon is also the last:  judicial inquiry is complete." *Id*. at 254 (quotations omitted).  The claim here is not that the statutory text is ambiguous, but that Congressional silence adds meaning to what was not said.  How, with no text, does one divine *sub silentio* meaning; by reference to structure, context or related statutory

---

[2]     The only thing we know for certain both Houses of Congress (and the President, if he signed the legislation) agreed upon is the text.  Legislative history can never produce a "pellucidly clear" picture . . . of what a law was "intended" to mean, for the simple reason that it is never voted upon-or ordinarily even seen or heard-by the "intending" lawgiving entity, which consists of both Houses of Congress and the President (if he did not veto the bill).  Thus, what judges believe Congress "meant" (apart from the text) has a disturbing but entirely unsurprising tendency to be whatever judges think Congress *must* have meant, *i.e.*, *should* have meant.

*Zuni Pub. Sch. Dist. No. 89 v. Dep't of Educ.*, 127 S.Ct. 1534, 1556 (2007) (Scalia, J.,  dissenting) (citations omitted).

provisions?[3]  No; the majority retreats to legislative history of the most dubious kind!

The source of the supposed congressional "intent" comes from statements made by House and Senate floor managers, who conceded the statute does not give a Chapter 13 debtor capacity to sue but, nevertheless, said Congress intended that result.  (Majority Op. at 4.)  Classic *ipse dixit*.  That 2 of the 535 members of Congress speak for the body is contrary to another accepted canon of statutory construction; statutory language, not embellishments by individual legislators, controls.  *See Chrysler Corp. v. Brown*, 441 U.S. 281, 311 (1979) ("The remarks of a single legislator, even the sponsor, are not controlling in analyzing legislative history.").  Legislative history might in some instances inform the statutory construction debate.  This is not such an instance.  If it were, the history we have is worthless.

B.  Bankruptcy Rule 6009

A debtor's potential causes of action become the property of the bankruptcy estate, along with all of her other assets, when a Chapter 13 petition is filed.  *See* 11 U.S.C. § 541(a)(1).  The bankruptcy trustee, as representative of the estate, is expressly given the capacity to pursue such causes of action by suit on behalf of

---

[3] "[T]o determine the scope of . . . § 1367, . . . we must examine the statute's text in light of context, structure, and related statutory provisions." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005).

the estate.  *See* 11 U.S.C. § 323(a), (b).[4]  The only other entity given such power is a "debtor in possession."  Bankruptcy Rule 6009 provides: "With or without court approval, the trustee or *debtor in possession* may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal."  (Emphasis added).  Cases cited by the majority have seized upon the "debtor in possession" language to imply[5] a capacity to sue by a Chapter 13 debtor.  But a Chapter 13 debtor is not a "debtor in possession."

The term "debtor in possession" is a term of art with limited applicability.  It is defined and used in Chapter 11 (reorganization).  *See*, *e.g.*, 11 U.S.C. §§ 1101, 1105, 1107.  It is also used in Chapter 12 (family farmer or fisherman with regular income).  *See* 11 U.S.C. §§ 1202-04.  Notably it is not mentioned in Chapter 13 (individuals with regular income) or Chapter 7 (liquidation).

The defining statute provides:  "In this chapter *[Chapter 11]*-- (1) 'debtor in possession' means debtor *except when a person that has qualified under section 322 of this title is serving as trustee in the case*."  11 U.S.C. § 1101(1)

---

[4] The bankruptcy code specifically applies § 323 to cases under Chapter 13. *See* 11 U.S.C. § 103(a).

[5] When the statutory text is barren one need only reach into the judicial tool box for a good pair of "impliers."

(emphasis added).[6] From that language two things are clear: 1) the definition applies to Chapter 11 cases, but not to Chapter 13 cases, and 2) even where the definition applies there is an exception—there can be no "debtor in possession" when a trustee has been appointed. Typically there is no trustee in a Chapter 11 case.[7] 11 U.S.C. § 1104-05; 7 COLLIER ON BANKRUPTCY ¶ 1100.06[1]. A trustee is always appointed in a Chapter 13 case. 11 U.S.C. § 1302(a); 1 COLLIER ON BANKRUPTCY ¶ 1.03[6]. Even if the definition were to be extended to Chapter 13 cases, its applicability is swallowed by the exception.

Form follows function. A Chapter 13 case (individual with regular income)

---

[6] The Federal Rules of Bankruptcy Procedure use this same definition. *See* Fed. R. Bankr. P. 9001 ("The definitions of words and phrases in . . . § 1101 . . . govern their use in these rules."). The bankruptcy code makes clear the definition found in § 1101 applies to cases under Chapter 11 not Chapter 13. *See* 11 U.S.C. § 103(g) ("Except as provided in [11 U.S.C. § 901], [11 U.S.C. §§ 1101 through 1146] apply only in a case under [Chapter 11]."); 11 U.S.C. § 103(i) ("Chapter 13 of this title applies only in a case under such chapter."); *see also* BLACK'S LAW DICTIONARY 412 (7th ed. 1999) (defining "debtor in possession" in the bankruptcy context as "[a] Chapter 11 or 12 debtor that continues to operate its business as a fiduciary to the bankruptcy estate.").

[7] The bankruptcy court can, for good cause or if in the interests of creditors, require a trustee be appointed in a Chapter 11 case. 11 U.S.C. § 1104(a). For example, in *In Re Lowenschuss*, the Ninth Circuit affirmed the appointment of a trustee for cause under § 1104(a) based upon the debtor in possession's prepetition transfer of assets from Pennsylvania to Nevada and his moving from Pennsylvania to Nevada to avoid the jurisdiction of Pennsylvania. 171 F.3d 673, 685 (9th Cir. 1999). The United States Trustee is the appointing authority, but may not serve as the Chapter 11 Trustee. 11 U.S.C. § 1104(d). The United States Trustee exercises administrative authority and general oversight in Chapter 11 cases. 1 COLLIER ON BANKRUPTCY ¶ 6.01[1][c], [4][b].

does not present a circumstance beyond the ken of a trustee. On the other hand, a trustee is not familiar with and perhaps less equipped to run a business (including a farming or fishing business) than the business debtor. So the debtor is permitted to continue to operate the business as a "debtor in possession" (but under court supervision and with fiduciary obligations to the court and creditors) with the goal of emerging from the process as a going concern. Purpose thus drives the rights a "debtor in possession" has been permitted under Chapters 11 and 12. Such a debtor may "prosecute any action . . . in behalf of the estate before any tribunal." Fed. R. Bankr. P. 6009. A "debtor in possession," with limited exceptions, retains *all* the rights and duties of a trustee. *See* 11 U.S.C. §§ 1107(a), 1203. In this capacity, the "debtor in possession" has fiduciary responsibilities to his creditors and is administratively supervised by the United States Trustee. *See In re Americana Expressways, Inc.*, 133 F.3d 752, 756 (10th Cir. 1997). Additionally, a committee of creditors in a Chapter 11 case is assembled to ensure the creditors' interests are adequately represented. *See* 11 U.S.C. §§ 1102, 1103.

A Chapter 11 "debtor in possession" is unlike a Chapter 13 debtor who merely "remain[s] in possession" of all property of the estate. 11 U.S.C. §

1306(b).[8]  In a Chapter 13 case the trustee is the principle administrator of the estate serving "the interests of all creditors primarily by collecting payments from debtors and disbursing them to creditors." *In re Maddox*, 15 F.3d 1347, 1355 (5th Cir. 1994).  11 U.S.C. § 1302 "grants the [C]hapter 13 trustee various powers to ensure that such collections and disbursements occur equitably, according to the dictates of Congress." *Id.*  The Chapter 13 debtor is limited to enumerated rights exclusive of the trustee under 11 U.S.C. § 1303, namely court supervised rights to use, sell or lease property of the estate.  *See* 11 U.S.C. § 363(b),(d)-(f), (l); *see also* 11 U.S.C. § 102(1); Fed. R. Bankr. P. 2002.  The practical differences in administering Chapter 11 and 12 cases on the one hand and Chapter 13 cases on the other hand are important because they explain why the statute limits "debtor in possession" to Chapter 11 and Chapter 12 cases.

C.  Policy

Allowing a Chapter 13 debtor an unsupervised self help remedy may be visited by unintended consequences, even abuse.  In *Andersen v.*

---

[8] 11 U.S.C. § 1327 (b) provides: "Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor."  Whether that provision is sufficient to give a Chapter 13 debtor the capacity to sue post plan is an open question.  But it does not impact this case because Smith's plan was never confirmed. *See In re Smith*, Case No. 05-26930 (Bankr. W.D. Okla. 2005) (Doc. No. 32 filed May 19, 2006) ("It is therefore ordered that confirmation is denied and the case is dismissed with prejudice . . . .").

*UNIPAC-NEBHELP (In re Anderson)*, we allowed a student to establish "undue hardship" for purposes of 11 U.S.C. 523(a)(8) by simply submitting language in a proposed Chapter 13 plan, despite the fact Rule 7001(6) of the Federal Rules of Bankruptcy Procedure required debtors to prove undue hardship in an adversary proceeding. 179 F.3d 1253 (10th Cir. 1999). This unfortunate practice, known as "discharge-by-declaration," was allowed in this circuit for several years. Other circuits recognized the problem and refused to adopt the *Andersen* holding. *See Whelton v. Educ. Credit Mgmt. Corp.*, 432 F.3d 150 (2d Cir. 2005)*; In re Ruehle*, 412 F.3d 679 (6th Cir. 2005); *In re Hanson*, 397 F.3d 482 (7th Cir. 2005); *In re Banks*, 299 F.3d 296 (4th Cir. 2002). We finally arrested the abuse in an en banc opinion. *In re Mersnamm*, 505 F.3d 1033 (10th Cir. 2007) (en banc). This case has all the earmarks of another *Andersen*. If Congress determines the risk of unsupervised self help litigation by Chapter 13 debtors is justified by offsetting benefits it should say so. Judges are ill equipped to make such a policy determination.