**In re Harry S. GOINES and Alberta Burnice Goines, Debtors.**

**No. 11–76654–JRS.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Feb. 9, 2012.

J. Keith Cornwell, Robert J. Semrad and Associates, Atlanta, GA, for Debtors.

## ORDER

JAMES R. SACCA, Bankruptcy Judge.

The issue before the Court in this Chapter 13 case is whether it is the responsibility of the Chapter 13 trustee, the debtor or special counsel to file the application to retain special counsel under 11 U.S.C. § 327(e) to prosecute a state law cause of action in which the Chapter 13 debtor is in possession of the claim.[1]

The confirmation hearing on Debtors' Chapter 13 plan was held on December 1, 2011. At the § 341 Meeting of Creditors, the Debtors testified that they had retained an attorney, Jeffrey Flynn, Esq. ("Flynn"), to represent them in connection with a pre-petition workers' compensation claim, which claim had been denied and which denial was on appeal. The Chapter 13 Trustee objected to Debtors' Plan because (a) the Debtors had neither filed an application nor obtained an order approving the retention of Flynn as special counsel and (b) the failure to obtain an order approving retention of special counsel should preclude confirmation. At the confirmation hearing, the Court concluded that (1) there was no per se rule requiring approval by the Court of the retention of special counsel as a condition of confirmation and (2) under the facts of this case, including that the claim had already been denied, the entry of an order approving the retention of special counsel was not required for confirmation of the plan, although a different result may be appropriate depending on the facts of the case and the terms of the plan.[2] The Debtors' bankruptcy attorney also filed what was styled as a "Notice of Action Potentially Required Pursuant to 11 U.S.C. Sec. 327(e)" (the "Notice"), advising Flynn that, *inter alia,* he either needed to personally prepare and file the application to be retained or contact the Chapter 13 Trustee to be retained. The Court took the issue under advisement because the parties requested the opportunity to brief the issue.

Section 327(e) provides the following:

1. The parties do not contest that the Debtors have standing to bring and control the litigation at issue, including deciding which lawyer should be retained to represent the Debtors in the litigation, so the Court will not be addressing that issue or the issue of whether a debtor and the Chapter 13 trustee have concurrent standing to bring certain types of claims. In addition, if a Chapter 13 trustee

were to prosecute a claim on behalf of the estate, it would be the Chapter 13 trustee's responsibility to file the application to retain special counsel under § 327(e).

2. The Court did note, however, that the better practice is to have retention of special counsel approved by the Court prior to the confirmation of a plan.

The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

The Debtors argue that under the plain meaning of § 327(e), it is the responsibility of the Chapter 13 Trustee to file the application to retain special counsel regardless of who is controlling the litigation because a Chapter 13 debtor is not a trustee for the purposes of § 327. This Court disagrees.

■ Based on a review of the applicable statutes and case law, the Court concludes that the word "trustee" in § 327(e) includes a Chapter 13 debtor-in-possession. In other words, the Chapter 13 debtor, if he is in possession of a non-bankruptcy cause of action, has the authority and duty to file an application to employ special counsel, as opposed to the Chapter 13 trustee or special counsel. *Envtl. Litig. Grp., P.C. v. Crawford (In re Price)*, No. 07–00017, 2007 WL 1125639, at *4 n. 11 (April 16, 2007 Bankr.N.D.Ala.) (discussing *In re Griner*, 240 B.R. 432, 436 (Bankr. S.D.Ala.1999)) ("[E]ven though section 327(e) does not use the word 'debtor,' should it not be assumed that the word debtor is interchangeable with trustee given this line of cases?"); *In re Jenkins*, 406 B.R. 817, 819 (Bankr.N.D.Ind.2009).

■ Property of the estate includes claims that may be prosecuted for the benefit of the estate. 11 U.S.C. § 1306; 11 U.S.C. § 541; *Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 473 (7th Cir.1999). Section 1306(b) provides that "the debtor shall remain in possession of all property of the estate except as provided in a con-firmed plan or order confirming a plan." 11 U.S.C. § 1306(b). The order confirming the plan in this case, like all uniform plans in the Northern District of Georgia, provides that property remains vested in the estate upon confirmation, but that does not mean that the debtor does not remain in possession of that property.

■ Many courts have recognized that "the Chapter 13 debtor has been considered analogous to [a] Chapter 11 [debtor-in-possession], ... [and Chapter 11] grants the debtor full authority as representative of the estate typical of a trustee." *Cable*, 200 F.3d at 472 (citation omitted). Further, "[u]nder the reorganization chapters [including Chapter 13], the debtor-in-possession steps into the role of trustee and exercises concurrent authority to sue and be sued on behalf of the estate." *Id.* at 473. Consequently, Chapter 13 debtors have standing to pursue claims and conduct litigation in their own name on behalf of the bankruptcy estate. *Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1331 n. 2 (11th Cir.2004); *Smith v. Rockett*, 522 F.3d 1080, 1081 (10th Cir.2008); *Cable*, 200 F.3d at 472–73; *Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515 (2d Cir.1998); *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1209 n. 2 (3d Cir.1992); *In re Bowker*, 245 B.R. 192 (2000).

Federal Rule of Bankruptcy Procedure 6009 provides:

> With or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal.

Fed. R. Bankr.P. 6009. Rule 6009 applies to Chapters 7, 11 and 13. *Cable*, 200 F.3d at 472. "In this context, 'trustee' or 'debt-

or in possession' includes a Chapter 13 debtor." *In re Stewart*, 373 B.R. 801, 805 (Bankr.S.D.Ga.2007) (citing *Crosby*, 394 F.3d at 1331 n. 2; *Cable*, 200 F.3d at 472).

Not only do Chapter 13 debtors have standing to pursue such claims, they are the ones who actually control the litigation. "In Chapter 13 cases where the debtor is the party plaintiff, courts recognize that the Chapter 13 debtor may sue and be sued, and that the debtor controls the litigation as well as the terms of the settlement." *Crosby*, 394 F.3d at 1331 n. 2 (quoting *In re Mosley*, 260 B.R. 590, 595 (Bankr.S.D.Ga.2000)) (internal quotation marks omitted).

The statutory scheme would make no sense if the Chapter 13 debtor had the authority to pursue, control, litigate and settle pre-petition claims, but the duty to file the application to employ special counsel under § 327 was on the Chapter 13 trustee. For example, under Federal Rule of Bankruptcy Procedure 2014, an applicant seeking to employ an attorney under § 327 must make several specific factual statements:

> The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective at-

torneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr.P. 2014. The most appropriate person to make these specific factual statements, and the person in the best position to do so, is the debtor, not the Chapter 13 trustee.

An applicant making the specific factual statements under Rule 2014 must make them subject to the good faith requirement set forth in Federal Rule of Bankruptcy Procedure 9011, and failure to do so subjects the applicant to sanctions.[3] Consequently, to properly make the specific factual statements required by Rule 2014, the applicant must do his or her own investigation into whether the employment is necessary, whether the attorney to be employed is qualified, what the appropriate scope of the attorney's employment should be, and what connections the attorney to be employed has with various parties in the bankruptcy case.

If the Chapter 13 trustee was required to file the application, the trustee would need to conduct his or her own investigation concerning the merits of the claim and special counsel's employment. Ultimately the trustee's view of the merits of the claim and the necessity of the employment or competency of the proposed attorney could at times conflict with that of the debtor. If the trustee were the only person who could file an application to retain special counsel, the trustee would effec-

---

**3.** Rule 9011 states:

Every petition, pleading, written motion, and other paper ... shall be signed by at least one attorney of record in the attorney's individual name.... By presenting to the court ... by signing ... a petition, pleading, written motion, or other paper, an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable

under the circumstances ... [that] (1) it is not being presented for any improper purpose.... (2) the claims, defenses, and other legal contentions therein are warranted.... (3) the allegations and other factual contentions have evidentiary support ... and (4) the denials of factual contentions are warranted on the evidence.

Fed. R. Bankr.P. 9011.

tively have veto power over whether the debtor could employ an attorney and, therefore, affect the conduct of the litigation.[4] If this were the case, the trustee's powers would impermissibly infringe upon the debtor's right to possession of property of the estate and the right to control litigation. "It would frustrate the essential purpose of § 1306 to grant the debtor possession of the chose in action yet prohibit him from pursuing it for the benefit of the estate." *Cable*, 200 F.3d at 473.

Furthermore, requiring the Chapter 13 trustee to file the application to employ special counsel for a lawsuit in which the debtor was in possession would expand the trustee's duties beyond those provided for in 11 U.S.C. § 1302. Section 1302(b)(4) states that the trustee shall "advise, other than on legal matters, and assist the debtor in performance under the plan." 11 U.S.C. § 1302(b)(4). This subsection basically provides that the trustee acts as "adviser and administrator to facilitate the repayment of debts according to the plan." *Cable*, 200 F.3d at 472; *see* 11 U.S.C. § 1302. Pursuant to § 1302(b)(1), the Chapter 13 trustee must fulfill several duties listed in 11 U.S.C. § 704(a),[5] but those duties do not include the duty to "collect and reduce to money the property of the estate" found in § 704(a)(1) or the retention of special counsel under § 327(e) to represent a debtor who is in possession of a claim.

It is also not appropriate for special counsel to be responsible for filing the application to be retained under § 327(e). Rule 2014 requires specific factual statements from both the "applicant" and the professional to be employed. Rule 2014 states that an order approving "the employment of attorneys ... or other professionals pursuant to § 327 ... of the Code shall be made only on application of the trustee or committee." Fed. R. Bankr.P. 2014. The "applicant" is the one who seeks to retain the attorney, not the attorney whose retention is sought. The debtor-in-possession, whether in Chapter 11 or 13, is the equivalent of a trustee for purposes of this Rule and may file the application referenced therein. Nowhere in the Rule does it state that the person to be employed may file the application. To the contrary, the Rule implies that the person to be employed is separate from the applicant because it requires that the application be "accompanied by a verified statement of the person to be employed" supporting the specific factual statements made in the application itself by the applicant, which in this instance must be the Debtors. Fed. R. Bankr.P.2014. Accordingly, the attorney to be employed may not file his or her own application to be employed. The duty to file the application to employ special counsel rests on the party who is retaining the lawyer and conducting the litigation, which in this case, are the Debtors.

---

4. The Chapter 13 trustee does retain the right to object to an application to retain special counsel filed by a debtor.

5. Section 1302(b)(1) includes among the Chapter 13 trustee's duties those listed in the following subsections of § 704(a): (2) "be accountable for all property received," (3) "ensure that the debtor shall perform his intention as specified in section 521(a)(2)(B) of this title," (4) "investigate the financial affairs of the debtor," (5) "if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper," (6) "if advisable, oppose the discharge of the debtor," (7) "unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest," and (9) "make a final report and file a final account of the administration of the estate with the court and with the United States trustee." 11 U.S.C. § 704(a).

This Court will enter a separate order correcting the Notice directing Flynn to either file his own application to be employed or to contact the Chapter 13 Trustee to do so and therein provide that Flynn should contact Debtors' counsel to be retained by this Court.