17-2865
In re Beckford

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of July, two thousand eighteen.

PRESENT:
ROSEMARY S. POOLER,
REENA RAGGI,
PETER W. HALL,
*Circuit Judges.*

_____

In re: Alman Andrew Beckford,

   *Debtor*,

Alman Andrew Beckford,

   *Plaintiff-Appellant*,

  v.             17-2865

Bayview Loan Servicing, LLC,

   *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:  Alman Andrew Beckford, pro se, Hartford, CT.

FOR DEFENDANT-APPELLEE:  Adam D. Lewis, Claudia M. Sklar, O'Connell, Attmore & Morris LLC, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Bolden, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Alman Beckford, pro se, filed for bankruptcy in 2013. After Appellee Bayview Loan Services, LLC ("Bayview") moved to lift the automatic stay to continue foreclosure proceedings, Beckford began an adversarial proceeding in bankruptcy court, asserting claims under the federal mortgage statutes, as well as state law tort, contract, and property claims. The bankruptcy court dismissed the amended complaint for failure to state a claim. The district court affirmed the dismissal on an alternative ground, reasoning that Beckford lacked standing to assert the claims. Beckford appeals. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We conduct plenary review of orders by district courts acting as appellate courts in bankruptcy cases, reviewing conclusions of law de novo and factual findings for clear error. *In re First Cent. Fin. Corp.*, 377 F.3d 209, 212 (2d Cir. 2004). Accordingly, the ruling on standing is reviewed de novo.

The district court correctly determined that Beckford lacked standing to bring claims against Bayview. The filing of a bankruptcy petition creates a bankruptcy estate that is comprised of "all legal or equitable interests of the debtor . . . as of the commencement of the case." 11 U.S.C. § 541(a)(1). This includes "any causes of action possessed by the debtor." *Seward v. Devine*, 888 F.2d 957, 963 (2d Cir. 1989). Only the bankruptcy trustee has standing to bring claims owned by the bankruptcy estate. *See Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515-16 (2d Cir. 1998) (holding that a debtor who files for Chapter 13 bankruptcy, "unlike a Chapter 7 debtor,"

may litigate causes of action that belong to the estate); *Kassner v. 2nd Ave Delicatessen Inc.*, No. 04-cv-7274, 2005 WL 1018187, at *2-3 (S.D.N.Y. Apr. 29, 2005); *Bauer v. Commerce Union Bank, Clarksville, Tennessee*, 859 F.2d 438, 441 (6th Cir. 1988).

Beckford lacks standing to assert his claims. He raised claims under the Truth in Lending Act ("TILA"), Home Ownership and Equity Protection Act ("HOEPA"), Real Estate Settlement Procedures Act ("RESPA"), Fair Credit Reporting Act ("FCRA"), Racketeer Influenced and Corrupt Organizations Act ("RICO"), and state law claims sounding in tort (breach of fiduciary duty, fraudulent misrepresentation) and contract law (unjust enrichment). He also asserted claims for usury and quiet title. Beckford's federal, tort, and contract claims accrued when either the defendant committed a violation of the federal laws, committed the acts or omissions complained of, or breached an implied contract, or when his injuries occurred. *See* 15 U.S.C. § 1640(e) (TILA and HOEPA statute of limitations runs from "occurrence of the violation"); 12 U.S.C. § 2614 (RESPA—same); 15 U.S.C. § 1681p (FCRA—same); *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 150-51, 156 (1987) (civil RICO statute of limitations runs from injury); Conn. Gen. Stat. § 52-577 (tort statute of limitations runs from act or omission "complained of"); Conn. Gen Stat. § 52-576; *Vertex, Inc. v. City of Waterbury*, 278 Conn. 557, 571, 573 (2006) (unjust enrichment statute runs from breach of implied contract). Beckford's quiet title action accrued when he became aware that Bayview had a competing interest in the Albany Avenue property. *See* Conn. Gen. Stat. § 47-31(a) (quiet title action may be brought against any person with a conflicting interest in land). And the usury claim accrued when Beckford took out his mortgage at a usurious rate. *See* Conn. Gen. Stat. § 37-4 (prohibiting lenders from accepting or agreeing to accept an interest rate over 12 percent).

Beckford's complaint shows that his injuries accrued well before he filed his bankruptcy petition in April 2013. The claims accrued when: (1) he purchased his property in 2003 and his mortgage lender allegedly failed to make the proper disclosures and charged usurious rates; (2) he made payments on his mortgage and the mortgage servicer allegedly failed to properly apply payments, resulting in overpayments and inaccurate accounting; and (3) an allegedly void mortgage note was assigned to Bayview. The quiet title claim accrued when Bayview began foreclosure proceedings in May 2012. Therefore, Beckford's claims are part of his bankruptcy estate and may only be asserted by the bankruptcy trustee.

Beckford argues that Bayview's "post-petition" actions—moving to lift the automatic stay and failing to challenge the dischargeability of its lien—removed his claims from the bankruptcy estate and permitted him to assert them. But this argument is meritless. Bayview's action (or inaction) does not affect the date of accrual of Beckford's claims. As discussed above, his claims accrued between 2003 and 2012 before he filed for bankruptcy. Bayview's actions during the bankruptcy litigation did not affect those events. Therefore, the district court properly determined that Beckford lacked standing.

We have considered all of Beckford's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] We express no position as to the merits of Beckford's claims should the bankruptcy trustee choose to assert them as the proper party.

4