**In re Jill Diane JENKINS, Debtor.**

**No. 06–61364 JPK.**

United States Bankruptcy Court, N.D. Indiana, Hammond Division.

July 1, 2009.

818

Kenneth L. Fugate, Esq., Hobart, IN, for Debtor.

Paul R. Chael, Esq., Merrillville, IN, Chapter 13 Trustee.

*ORDER REGARDING APPLICA-TION/PETITION TO EMPLOY SPECIAL COUNSEL TO PURSUE PRE–PETITION ACTION CONSTI-TUTING PROPERTY OF THE CHAPTER 13 BANKRUPTCY ES-TATE*

J. PHILIP KLINGEBERGER, Bankruptcy Judge.

■ On December 15, 2008, the debtor, by counsel, filed a "Petition to Employ Special Counsel" ("Application"). The Application requested that the court authorize the employment of a special counsel on behalf of the debtor to pursue a cause of action held by the debtor as of the date of the filing of the bankruptcy petition, which action constitutes property of the Chapter 13 bankruptcy estate. By order entered on January 15, 2009, the court scheduled a hearing for February 19, 2009 with respect to the Application, the purpose of which was to determine whether the debtor is the proper party-in-interest to pursue a claim of this nature, and by whom an application to employ special counsel to pursue such a claim should be filed.

At the hearing, the court addressed the issue to attorneys in attendance, including the Chapter 13 Trustee Paul R. Chael, and then took the matter under advisement. The court now issues its determination as to the matters addressed at the foregoing hearing.

■ The issue which is the subject of the court's concern is the identity of the proper party-in-interest to pursue, subsequent to the debtor's filing of a Chapter 13 bankruptcy case, a claim belonging to the debtor which arose prior to the date of a bankruptcy petition, which claim constitutes property of a Chapter 13 bankruptcy estate. The parties and the court generally addressed the issue by reference to certain provisions of the Bankruptcy Code. However, the issue has been definitively decided by the United States Court of Appeals for the Seventh Circuit in *Cable v. Ivy Tech State College*, 200 F.3d 467, 474 (7th Cir.1999), in which the following is stated:

> The proper practice for creditors and trustees is to allow the debtor-in-possession [in a Chapter 13 case] to exercise the powers assigned by §§ 1306(b) and 541, and sue in his own name for the estate.

Thus, in the context in which the debtor files a Chapter 13 bankruptcy case, and has at the time of filing a claim against any third-party entity which has yet to be liquidated—such as a personal injury claim, a workman's compensation claim, an employment discrimination claim, etc.—the proper party to pursue that claim is the debtor. However, the claim is pursued for the estate, not for the debtor individually.

■ In order to allow a Chapter 13 debtor to proceed with a claim of the nature of the foregoing by the employment of counsel other than the debtor's Chapter 13 bankruptcy counsel, certain procedures must be followed. In accordance with *Cable, supra.*, the term "trustee" in 11 U.S.C. § 327(e) is to be read as "Chapter 13 debtor". That statute is fully applicable to the circumstances addressed by this order, and thus the court's approval of the employment of an attorney to represent the

debtor in this circumstance is necessary, based upon an application *by the debtor* which conforms to the requirements of applicable law, which are primarily stated in Fed.R.Bankr.P.2014(a). The Application need not be served on all creditors and parties-in-interest in the case, but it must be served upon the Chapter 13 Trustee and upon the United States Trustee.

11 U.S.C. § 329(a) is by its terms applicable to any agreement made during the one year period beginning one year before the petition date, and concluding with the date of the petition. Thus, in a circumstance in which the debtor had entered into an agreement concerning representation with respect to the claim during this designated period, § 329(a) is expressly applicable, and the disclosure of compensation, in the form required by Fed.R.Bankr.P.2016(b), must be filed with the Application, and served upon the U.S. Trustee and the Chapter 13 Trustee. Fed.R.Bankr.P. 2016(b) is not so limited, and it is the court's construction of this Rule that *any* Application must be accompanied by the disclosure required by that Rule, regardless of when the agreement to employ first arose. This disclosure is to be served on the U.S. Trustee and the Chapter 13 Trustee. **The disclosure should accompany the application as an exhibit.**

Finally, pursuant to S.D.Ind.L.B.R. B–9013–1(c), the application is to be accompanied by a proposed form of order.

█ Thus, the proper procedure to employ counsel for the debtor, to proceed on behalf of the Chapter 13 estate in the circumstances addressed by this order, is:

(1) An Application, *filed and signed by*[1] the debtor (e.g., debtor's counsel), must be filed pursuant to 11 U.S.C. § 327(e)/ Fed.R.Bankr.P.2014(a).

(2) The Application must be accompanied by the following, attached as exhibits to the Application:

(a) A declaration of disinterest in accordance with the requirements for employment stated in 11 U.S.C. § 327(e)/Fed.R.Bankr.P.2014(a), signed by the special counsel. This document must be "verified".

(b) The statement concerning compensation required by Fed.R.Bankr.P. 2016(b)/11 U.S.C. § 329(a), which the court will deem to be satisfied by attaching to the Application a copy of the written agreement between the debtor and special counsel. If a written agreement is in existence, that document must be attached; if there is no written agreement, the Application itself must provide the required information, attached as a separate exhibit.

(3) The Application is to be accompanied by a proposed form of order approving the employment.

Upon compliance with the foregoing, the court will independently review the application and determine whether or not it should be granted. If the application is not deemed appropriate by the court, or if the court has questions concerning the application, the court will schedule a hearing on the application.

In the instant case, all of the foregoing requirements have been satisfied, and the court will enter an order approving the requested employment.

█ Commentary on other matters not specifically before the court with respect to the Application is in order. Any compensation to be paid to the special counsel employed pursuant to the foregoing procedure must be approved by the court pursuant to 11 U.S.C. § 330. The compensation

---

**1.** The debtor is applying—the special counsel is not; the Trustee is not.

constitutes an administrative claim, subject to the requirements of Fed.R.Bankr.P. 2002(a)(6)—which requires a 20–day notice of the request for compensation, served upon all creditors and parties-in-interest in the case, including the Chapter 13 Trustee and the United States Trustee. The manner of providing this notice is stated in N.D.Ind.L.B.R. B–2002–2(a)(7).[2] No compensation to the special counsel can be authorized unless the foregoing procedure is followed.

 It is also necessary to provide the court, the Chapter 13 Trustee and creditors with notice of the manner in which the claim for which special counsel representation has been authorized has been resolved. As would be true in a Chapter 7 case in which a Chapter 7 Trustee, having employed special counsel to pursue a pre-petition claim constituting property of the estate, has been advised by that counsel of proposed disposition of that claim—the Chapter 13 debtor must do the same. If any compromise of the claim asserted by the debtor is effected to resolve the claim, that compromise must be noticed to all creditors and parties-in-interest pursuant to N.D.Ind.L.B.R. B–2002–2(a)(13). Although technically the debtor is authorized to pursue the claim exclusive of the Chapter 13 Trustee, it is the Trustee who ultimately administers the estate, and therefore the motion to compromise must be accompanied by a document which states the position of the Chapter 13 Trustee with respect to the proposed compromise, whether that position be in favor of it or against it. When the compromise is noticed by the debtor (and not by the Trustee), *whether or not the Trustee has previously stated disapproval of the settlement,* the Trustee should then file an objection to the compromise if the Trustee opposes the compromise proposed by the debtor. In order to avoid multiplicity of motions, the motion by which the compromise is sought to be authorized may be coupled with a request for final compensation of special counsel, if the requirements of applicable law with respect to both motions have been satisfied in the motion and notice which consolidates those requests.

The matter before the court in this case is whether or not the court should authorize the employment of special counsel by the debtor. The debtor has filed an amended Petition, in proper form, on June 9, 2009.

The court finds that the debtor's amended petition should be granted by separate motion.

IT IS ORDERED that the Amended Petition is granted by separate order.

---

2. Lest there be any confusion, N.D.Ind.L.B.R. B–2014–1, which relates to employment of professionals by a debtor-in-possession, applies only in Chapter 11 cases, and that procedure need not be followed with respect to the Chapter 13 case.