■ HELLA D. BAER, Respondent, v̇ AARON J. BRODER, Appellant. — In an action to recover damages for legal malpractice, defendant appeals from so much of an order of the Supreme Court, Suffolk County (Jaspan, J.), dated February 26, 1981, as denied the branch of his motion which sought to dismiss the complaint. Order affirmed insofar as appealed from, with $50 costs and disbursements. Following the death of Max Baer, M.D., in 1963, his widow plaintiff Hella De Witt Baer, was appointed executrix under Baer's will. She subsequently retained defendant to continue prosecution of a wrongful death action initially begun by another attorney who became ill. The wrongful death action was brought by plaintiff in her capacity as executrix (see EPTL 5-4.1, 1-2.13). In the present action, plaintiff, in her individual capacity, alleged that defendant was negligent in his representation of her in having consented to a settlement of the wrongful death claim without authority from her. She further claimed that defendant was negligent in having failed "diligently and promptly" to have the case restored to the calendar once he learned that plaintiff would not accept the settlement. (A motion to restore was made one year after the settlement and was denied.) Plaintiff also alleged a breach of the agreement that defendant would properly pursue the claim for which he had been retained. Defendant answered, denying all the allegations except for those dealing with the decision on the motion to restore the wrongful death action to the calendar and two others, which alleged that plaintiff had retained him and that he had accepted the retainer. Defendant, more than a year after service of his answer, moved to amend the answer to interpose the defenses that the claim failed to state a cause of action (CPLR 3211, subd [a], par 7) and that plaintiff lacked the legal capacity to sue (CPLR 3211, subd [a], par 3). Alternatively, defendant sought dismissal of the complaint on the same grounds. A second branch of the motion, to reduce the *ad damnum* clause to the amount claimed in the wrongful death action, was granted and is not at issue on this appeal. Plaintiff cross-moved to amend the caption of the summons and complaint to substitute "Hella De Witt Baer, as Executrix of the Estate of Max Baer" for the current plaintiff, Hella De Witt Baer. The cross motion and the branch of the motion which sought dismissal were denied. Special Term concluded that "the citadel of privity is not invulnerable to the assault made upon it in this case" (*Baer v Broder*, 106 Misc 2d 929, 935). We affirm, but on a different ground. We affirm on the basis that the relationship of the plaintiff to the underlying wrongful death action is unique and demands an exception to the general rule regarding privity. The wrongful death action was brought by plaintiff as "Executrix of the Estate of Max Baer, Deceased" because the statute requires that such an action be brought by "[t]he personal representative, duly appointed * * * of a decedent who is survived by distributees" (EPTL 5-4.1). The death action does not benefit the estate but only distributees who have suffered a pecuniary loss. Indeed, "[w]hen the distributees do not participate in the administration of the decedent's estate under a

will appointing an executor who refuses to bring such action", the distributees may have an administrator appointed to prosecute the action for their benefit (EPTL 5-4.1). Hence, defendant's attempts to distinguish the interests of plaintiff as executrix in the wrongful death action from her interests as an individual in this action are misleading. As executrix of the estate she did not have an interest in the recovery in the wrongful death action; as an individual, and as a distributee, she did. Moreover, as Special Term noted, plaintiff and defendant were engaged in a face-to-face relationship in the underlying wrongful death action and "[i]f defendant breached a duty to the plaintiff in that action the foreseeable harm to plaintiff individually as the widow was the obvious and the direct result thereof. In a real sense, the plaintiff in this action was also one of the real parties in interest in the wrongful death action." (Her son was the other.) Accordingly, we affirm plaintiff's right to continue the present action in her individual capacity (cf. *White v Guarente,* 43 NY2d 356). Titone, J. P., Mangano, Weinstein and O'Connor, JJ., concur. [106 Misc 2d 929.]