█ LINDSLEY SCHEPMOES, Respondent, v FREDERICK W. HILLES, JR., et al., Defendants, and KINGS MONADNOCK CONSTRUCTION CORP. et al., Appellants.—In an action to recover damages for breach of trust and fraud, the defendants Kings Monadnock Construction Corp., Union President Realty Corp., Nicholas Lembo, and 321 Clinton Ave. Housing Corp. appeal from an order of the Supreme Court, Kings County (Krausman, J.), dated November 19, 1984, which denied their motion to dismiss the plaintiff's complaint as against them.

Order reversed, on the law, with costs, motion granted and complaint dismissed insofar as it is asserted against the appellants.

This action is based on a series of alleged transactions and occurrences purportedly involving breaches of trust and fraud by the defendants with respect to the plaintiff's contract dated September 28, 1978, to purchase certain real property from the defendant Woodward School, Inc. (named in this action as Woodward Park School, Inc.), and certain architectural and construction plans prepared by the plaintiff in connection therewith. The complaint alleges that the first act of wrongdoing, to wit, the sale of the property by the defendant Woodward School, Inc., to the defendants Frederick W. Hilles, Jr., Nicholas Lembo and Kings Restoration Corp., occurred prior to September 26, 1980. On March 26, 1981, the plaintiff filed a notice of pendency against the subject property, naming Woodward School Inc., as the sole defendant. Due to the plaintiff's default, the notice of pendency was vacated by order dated April 24, 1981 (Composto, J.).

Previously, on August 15, 1980, the plaintiff had filed a voluntary petition in bankruptcy pursuant to Bankruptcy Act chapter 13 (11 USC ch 13) in the United States Bankruptcy

Court for the Eastern District of New York, which was converted to a case under chapter 7 of the act pursuant to an order of the Bankruptcy Court, dated January 26, 1981. By order of the Bankruptcy Court (Price, J.), dated May 14, 1981, the plaintiff, *inter alia,* was released from all dischargeable debts. By order (Price, J.), dated June 19, 1981, the trustee's report of no distribution was approved and the bankruptcy estate was closed.

However, the schedule of property the plaintiff filed with the Bankruptcy Court in January 1981 failed to list any of the claims against any of the defendants which are asserted in this action, or any claims relating to the contract for the sale of the subject real property or the plaintiff's architectural and construction plans. Due to the plaintiff's failure to schedule the claims arising out of the real estate contract and the architectural and construction plans as part of his assets in the bankruptcy proceeding, he may not now assert these claims.

The bankruptcy debtor's title to causes of action vests in the trustee in bankruptcy *(see,* 11 USC § 541 [a] [1], [7]). Although the action at bar was not commenced until April 1982, it is clear from the filing of the notice of pendency on March 26, 1981, and the allegations contained in the plaintiff's amended and supplemental verified complaint, that the plaintiff's causes of action arising from the real estate contract and the plans the plaintiff prepared in connection therewith accrued well before the close of the bankruptcy proceedings. Where, as here, the trustee in bankruptcy did not know of the existence of the causes of action, which accrued prior to the close of the bankruptcy proceedings, and which were neither abandoned nor administered in the case, nor the subject of a court order, the causes of action remain property of the bankruptcy estate and the plaintiff loses the capacity to sue on his own behalf with respect thereto *(see,* 11 USC § 554 [d]; *First Natl. Bank v Lasater,* 196 US 115, 118-119; *Lapis Enters. v International Blimpie Corp.,* 84 AD2d 286; *Emergency Beacon Corp. v Polish,* 71 AD2d 995). A bankruptcy debtor may not fail to schedule or withhold from his trustee all knowledge of certain property, thereby precluding the potential benefit of the property from accruing to his creditors, and then, after obtaining a release from his debts, assert title to the property *(cf. First Natl. Bank v Lasater, supra,* at p 119).

Accordingly, the plaintiff lacks the legal capacity to bring this action, and the complaint must be dismissed as against

the appellants (see, CPLR 3211 [a] [3]). Gibbons, J. P., Weinstein, Niehoff and Eiber, JJ., concur.