◼ Luis A. Quiros, Appellant, v Ian L. Polow et al., Respondents.—In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County (Dachenhausen, J.), entered August 13, 1986, which (a) granted that branch of the defendants' motion which was for leave to amend their answer to include the affirmative defense that the plaintiff lacked the capacity to sue, and (b) conditionally granted that branch of the defendants' motion which was for dismissal of the complaint.

Ordered that the order is affirmed, without costs or disbursements.

In June 1981 the plaintiff retained the defendants Ian L. Polow and Shapiro, Wisan & Krasner, P. C., to act as his attorneys in connection with a film venture called the "Skyrider Project". The defendants prepared an agreement, dated October 23, 1981, between the plaintiff and Robert and

Charles Budah which provided for the Budahs obtaining 80% of the plaintiff's interest in the project in consideration for $50,000 paid to the plaintiff. The plaintiff received only $35,000, leaving a balance of $15,000 due and owing.

By letter dated May 6, 1982, the defendants notified the Budahs on behalf of the plaintiff that the October 1981 agreement was being terminated, and they responded by demanding return of their $35,000. Upon the plaintiff's failure to repay the money, the Budahs, in late 1982 commenced an action, *inter alia,* against the plaintiff, his wife and the defendant Polow. The complaint alleged, *inter alia,* that plaintiff used the Budahs' $35,000 payment to purchase a home in Larchmont. The complaint further alleged that plaintiff fraudulently conveyed the house to his wife to hinder the Budahs from recovering the money owed to them.

On December 21, 1982, the plaintiff and his wife settled the Budahs' lawsuit by giving the Budahs a mortgage on their Larchmont home. In August 1983 the plaintiff and his wife filed a chapter 13 bankruptcy petition through their bankruptcy attorneys in the United States Bankruptcy Court for the Southern District of New York. By notice of motion dated December 27, 1984, the plaintiff and his wife moved for an order amending their bankruptcy petition and confirming their plan for reorganization of their assets. On February 15, 1985, their plan for reorganization was confirmed.

In March 1985 the plaintiff commenced the instant lawsuit to recover damages for legal malpractice. The complaint alleged that the defendants acted without authorization when they sent the Budahs the May 6, 1982, letter terminating the October 1981 agreement and that they acted carelessly and negligently in advising the plaintiff to execute the mortgage agreement in favor of the Budahs. Issue was joined in or about November 1985 and the defendants denied all of the substantive allegations in the complaint. On January 14, 1986, the plaintiff and his wife were granted a discharge in bankruptcy. Thereafter the plaintiff served a bill of particulars dated January 31, 1986, in the instant action claiming as part of his damages approximately $15,000 in expenses incurred in connection with the bankruptcy proceedings.

By notice of motion dated May 2, 1986, the defendants brought the instant motion, *inter alia,* for leave to amend their answer to include the affirmative defense that the plaintiff lacked the capacity to sue and to dismiss the complaint if leave to amend was granted. The defendants' attorney argued

that the plaintiff was not entitled to bring this action because this cause of action was an asset which should have been part of the bankruptcy estate and it was not until service of the plaintiff's bill of particulars that the defendants' attorneys were put on notice that the plaintiff had been involved in bankruptcy proceedings. In opposition to the motion, the plaintiffs' attorney argued, *inter alia,* that, although the defendants' counsel stated that he had just learned of the bankruptcy proceedings, the defendants themselves had personal knowledge of the proceedings since they had referred the plaintiff to the bankruptcy attorneys who assisted him in filing for bankruptcy.

In the order appealed from, the Supreme Court granted that branch of the defendants' motion which was for leave to amend their answer to include the defense that the plaintiff lacked the capacity to sue. Also granted was that branch of the motion which sought an order dismissing the complaint but "upon the condition that the plaintiff-debtor's bankruptcy proceeding be reopened upon the request of the trustee for the purpose of pursuing the plaintiff's claim against the defendants and upon the condition that the defendants agree to waive any defense to an action by the trustee based upon the statute of limitations". The plaintiff's subsequent application to have the bankruptcy proceeding reopened was denied by order of the United States Bankruptcy Court for the Southern District of New York, dated February 4, 1987.

We find that the court did not abuse its discretion in granting that branch of the defendants' motion which sought leave to amend the answer to assert the defense that the plaintiff lacked the capacity to sue. Leave to amend will be freely granted absent a showing of prejudice or surprise *(see,* CPLR 3025 [b]; *Scharfman v National Jewish Hosp. & Research Center,* 122 AD2d 939; *Wyso v City of New York,* 91 AD2d 661), and mere lateness in the absence of prejudice is not a barrier to amendment. Here, the motion for leave to amend was made only six months after issue was joined. Although the defendants may have known about the plaintiff's lack of capacity to sue at the time of their original answer, the plaintiff has not established that amendment of the answer would either change his position with respect to the litigation or deny him any right. It is clear that the plaintiff was not entitled to commence this action in the first place *(see, Dynamics Corp. v Marine Midland Bank,* 69 NY2d 191; *Schepmoes v Hilles,* 122 AD2d 35), and he may not now assert this claim *(see, Dynamics Corp. v Marine Midland Bank, supra;*

*Schepmoes v Hilles, supra).* The cause of action accrued well before the plaintiff's discharge in bankruptcy and should have been listed in the schedule of assets filed with the bankruptcy court. Having failed to properly disclose this unliquidated claim, the plaintiff is precluded from pursuing it. Mollen, P. J., Lawrence, Kunzeman and Harwood, JJ., concur.