■ Salvatore Ervolino, as a Shareholder of and Suing in the Right of Salco Westbury, Inc., Respondent-Appellant, v Frank Scappatura et al., Appellants-Respondents.—In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal (1) from an order of the Supreme Court, Nassau County (Burstein, J.), dated February 17, 1988, which denied their cross motion for summary judgment dismissing the complaint, and (2), as limited by their brief, from so much of an order of the same court, dated August 8, 1988, as, upon reargument, failed to unconditionally grant that branch of their cross motion which was for summary judgment dismissing the complaint. The plaintiff cross-appeals from so much of

the order dated August 8, 1988, as, upon reargument, granted that branch of the defendants' motion which was for leave to serve an amended answer and conditionally granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

Ordered that the appeal from the order dated February 17, 1988, is dismissed, without costs or disbursements, as that order was superseded by the order dated August 8, 1988, made upon reargument; and it is further,

Ordered that the order dated August 8, 1988, is modified by deleting therefrom the third and fourth decretal paragraphs, which, in effect, conditionally granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint, and substituting therefor a provision unconditionally granting that branch of the defendants' cross motion which was for summary judgment dismissing the complaint; as so modified, the order dated August 8, 1988, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The record supports the finding by the Supreme Court that (1) "plaintiff filed a Chapter 7 petition in bankruptcy in the United States Bankruptcy Court for the Eastern District of New York on March 29, 1985, and that on July 28, 1986, the Trustee rendered his final report, requesting a hearing be held to pass upon that report", (2) "plaintiff's present claims accrued well before the close of the bankruptcy proceeding and plaintiff knew or should have known of all of the claims he now asserts during the period when the bankruptcy was pending", and (3) "plaintiff failed to list any of these claims in the schedule of property he filed with the Bankruptcy Court".

Under these circumstances, as the defendants correctly contend, the plaintiff lacked the legal capacity to sue, and that branch of the defendants' cross motion which was for summary judgment dismissing the complaint should have been granted unconditionally (see, Dynamics Corp. v Marine Midland Bank, 69 NY2d 191; DeLarco v DeWitt, 136 AD2d 406, 409; Schepmoes v Hilles, 122 AD2d 35; Bernstein v Polo Fashions, 55 AD2d 530; cf., Quiros v Polow, 135 AD2d 697).

We have examined the plaintiff's remaining arguments and find them to be without merit (see, Sciascia v Nevins, 130 AD2d 649; Lermit Plastics Co. v Lauman & Co., 40 AD2d 680). Mangano, P. J., Kunzeman, Rubin and Balletta, JJ., concur.