■ Jose Martinez et al., Appellants, v Bharati Desai, Defendant, and Chandra Desai, Respondent. [710 NYS2d 372] —In an action, *inter alia*, to recover damages for medical malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Hillery, J.), dated March 30, 1999, as, upon granting reargument of the motion of the defendant Chandra Desai, which was, in effect, to dismiss the complaint on the ground that the plaintiffs lacked the capacity to sue, adhered to its original determination in an order dated December 16, 1998, granting that motion.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, upon reargument, the order dated December 16, 1998, is vacated, and the motion to dismiss the complaint is denied.

The plaintiff Jose Martinez was allegedly treated by the defendant Chandra Desai from January 1992 through October 1994 for pain in his stomach and back, and for blood in his urine. The plaintiffs commenced this action by filing a summons with notice in April 1997 alleging that Desai was negligent in failing to diagnose cancer of the bladder. On September 15, 1993, Martinez had filed a petition for liquidation under chapter 7 of the 1978 Bankruptcy Code (11 USC) in the United States Bankruptcy Court for the Southern District of New York. By order of that court (Berk, J.), dated December 28, 1993, Martinez was released from all dischargeable debts. By notice of motion dated August 11, 1998, Desai moved to dismiss the complaint on the ground that the plaintiffs lacked standing to sue because Martinez failed to properly list on his liquidation petition the present medical malpractice action, which, according to Desai, accrued as early as January of 1992.

The Bankruptcy Code broadly defines the property of a debtor to include causes of action existing at the time of the commencement of the bankruptcy action (*see,* 11 USC § 541 [a] [1]; *Weitz v Lewin,* 251 AD2d 402). Causes of action which accrue prior to the close of the bankruptcy proceedings, and which were neither abandoned nor administered in the case, nor the subject of a court order, remain property of the bankruptcy estate and the plaintiff loses the capacity to sue on his own

behalf with respect thereto (*Schepmoes v Hilles,* 122 AD2d 35, 36; *see,* 11 USC § 554 [d]; *Ervolino v Scappatura,* 162 AD2d 654; *Quiros v Polow,* 135 AD2d 697). There are issues of fact as to whether this action accrued prior to the close of the bankruptcy proceedings. O'Brien, J. P., Altman, McGinity and Smith, JJ., concur.