■ YVONNE GIOVINCO, Respondent, v THEODORE L. GOLDMAN, Appellant. [713 NYS2d 700] —In an action to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Suffolk County (Catterson, J.), dated September 24, 1999, which denied his motion for leave to serve an amended answer raising an affirmative defense that the plaintiff lacked capacity to commence this action, and for summary judgment dismissing the action due to the plaintiff's lack of capacity.

Ordered that the order is affirmed, without costs or disbursements.

Although leave to serve an amended pleading should be liberally granted, leave should be denied, as a matter of law, where the proposed amendment is "patently lacking in merit" (*Staines v Nassau Queens Med. Group,* 176 AD2d 718; *see, Bonnen v Chin Hua Chiang,* 272 AD2d 357; *Perrini v City of New York,* 262 AD2d 541). Contrary to the defendant's contention, as a litigant in a proceeding under chapter 13 of the United States 1978 Bankruptcy Code (11 USC, ch 13), the plaintiff possessed the requisite capacity to maintain this medical malpractice action (*see, Olick v Parker & Parsley Petroleum Co.,* 145 F3d 513; *accord, In re Danwood Props. / 78,* 209 F3d 114; *Cable v Ivy Tech State Coll.,* 200 F3d 467; *Maritime Elec. Co. v United Jersey Bank,* 959 F2d 1194, 1209; *Murray v Board of Educ.,* 248 Bankr 484; *In re Bowker,* 245 Bankr 192; *In re Griner,* 240 Bankr 432; *Donato v Metropolitan Life Ins. Co.,* 230 Bankr 418; *see also, Ex parte Moore,* 2000 WL 432433 [Ala, Apr. 21, 2000]; *Dance v Louisiana State Univ. Med. Ctr.,* 749 So 2d 870 [La]; *cf., Goldstein v St. John's Episcopal Hosp.,* 267 AD2d 426; *Pinto v Ancona,* 262 AD2d 472). Accordingly, the defendant's motion for leave to serve an amended answer interposing the affirmative defense of lack of capacity, and for summary judgment thereon, was properly denied. Mangano, P. J., S. Miller, Friedmann and Feuerstein, JJ., concur.