■ IRMA FUSCO, Appellant, v KRAUMLAP REALTY CORP., Respondent, et al., Defendants. (And a Third-Party Action.) KRAUMLAP REALTY CORP., Fourth-Party Plaintiff-Respondent, v WAVECREST MANAGEMENT TEAM, LTD., Fourth-Party Defendant-Respondent. [767 NYS2d 84]—

Order, Supreme Court, Bronx County (Anne Targum, J.), entered March 26, 2002, which denied plaintiff's motion for partial summary judgment on the issue of the liability of defendant Kraumlap Realty Corp. (Kraumlap) for wrongful eviction and which granted the cross motions of Kraumlap and fourth-party defendant Wavecrest Management Team, Ltd. (Wavecrest) for summary judgment dismissing the complaint and fourth-party complaint, unanimously reversed, on the law, without costs, plaintiff's motion for partial summary judgment granted, the cross motions denied, the complaint and fourth-party complaint reinstated and the matter remanded for further proceedings.

In this case, we must decide whether a decision and order issued by Housing Court in a rent nonpayment case has res judicata effect in a subsequent wrongful eviction action for damages in Supreme Court.

Plaintiff, Irma Fusco, had been a tenant in an apartment located on Pilot Street, Bronx, New York for approximately 23 years until her eviction by Kraumlap on September 12, 1994. During the last three years of her tenancy, the building was in receivership, and defendant Leonard Kohl (Kohl) was the court-appointed receiver. Kohl retained fourth-party defendant Wavecrest Management Team, Ltd. as managing agent for the premises. In August 1994, Kraumlap bought the property in a judicial sale from Kohl.

Prior to the sale of the premises to Kraumlap, Kohl had commenced two actions for nonpayment of rent against plaintiff. The first nonpayment proceeding was commenced on or about November 4, 1992. By order dated March 30, 1993, Housing Court Judge Trussel found that plaintiff owed rent of $195 per month for December 1992 through March 1993, and that rent for months prior to December 1992 had mistakenly been sought by Kohl. On September 15, 1993, for some unexplained reason, Kohl commenced a second nonpayment proceeding, again seeking the rent due from December 1992. This second case was also assigned to Judge Trussel. Plaintiff claimed that she had withheld rent because of the landlord's failure to repair allegedly deteriorated conditions in her apartment and the building in general.

At an October 7, 1993 hearing, Judge Trussel ordered that the 1992 and 1993 cases be consolidated. Both cases with their different index numbers remained on the court's docket, and, at least for a time, record entries were made under both index numbers. A final judgment, awarding Kohl $2,342.40 in back rent for December 1992 and extending through November 1993 and allowing plaintiff 10 days to pay the arrears, was docketed on November 10, 1993 under the index numbers for both cases.

The judgment was not paid, and a warrant of eviction was issued on February 3, 1994, but only under the index number for the 1993 case. On February 16, 1994, plaintiff moved by order to show cause to vacate the judgment, but the show cause order was docketed only under the index number for the 1992 case. No action was taken with regard to the eviction warrant at that time.

On May 11, 1994, as a result of plaintiff's order to show cause, a new judgment was entered in the 1992 case, with Judge Trussel finding that, by that point, plaintiff owed $3,510 in rent for December 1992 through May 1994, less $1,500 in rent abatement and $40 in costs, for a final judgment in the amount of $1,970. No warrant of eviction issued from this judgment.

On May 15, 1994, plaintiff allegedly attempted to pay the judgment but erroneously tendered the abatement amount of $1,500 rather than the judgment amount of $1,970. Thus, she had a balance due and owing on the judgment of $470. Nonetheless, the check was cashed by Kohl's agent Wavecrest. In June 1994, plaintiff's regular monthly rent check of $195 was rejected by Kohl as an improper partial payment as arrears were due and owing. However, plaintiff's July 1994 rent check for $195 was accepted and cashed without comment.

On August 2, 1994, Kohl sold the premises to Kraumlap.

Plaintiff's August and September 1994 rent checks were never cashed by the new owner. Instead, on September 12, 1994, Kraumlap evicted plaintiff, utilizing the February 3, 1994 warrant of eviction that had been issued to Kohl in the 1993 case in connection with the November 10, 1993 judgment. Two days later, Kraumlap entered into a lease with a new tenant for what had been plaintiff's apartment.

Plaintiff immediately moved by order to show cause to be restored to possession. By this time, Judge Trussel had retired, and plaintiff's motion was assigned to Housing Court Judge Heymann.

Judge Heymann disposed of plaintiff's restoration motion in a written decision dated November 22, 1994, and entered in the 1993 case. It is this decision that Kraumlap and Wavecrest claim, and the motion court agreed, operates as res judicata to defeat plaintiff's complaint in the instant action.

Judge Heymann framed the issues to be decided as follows:

"The primary issue, which appears to be one of first impression, is whether the new owner of the subject premises (Kraumlap Realty Corp.) had the authority to evict respondent pursuant to the warrant issued in the name of the petitioner/receiver without first being substituted or joined as a party and/or amending the warrant of possession to the new owner prior to said eviction?

"In the event the court finds no such authority vested in the new owner, resulting in an improper eviction, the court must then determine whether the respondent should be restored to possession."

Transcripts of the October 7, 1993 hearing, at which Judge Trussel had directed that the 1992 and 1993 nonpayment cases be consolidated, were not made available to Judge Heymann, and plaintiff's contentions that the two cases had been consolidated and that the May 11, 1994 judgment entered in the 1992 case superseded the November 10, 1993 judgment and related eviction warrant were rejected by the court. Hence, the court determined that the judgment and eviction warrant entered in the 1993 case were valid instruments upon which a legal eviction of the tenant could have been maintained. However, the court held that Kraumlap had no authority to execute on the warrant since it had been issued not to Kraumlap, but to its predecessor Kohl: "Therefore, even though Kraumlap Realty Corp. acquired all the rights and remedies pertinent to the subject premises upon foreclosure, it remained in legal limbo with regard to this pending litigation. The receiver's authority terminated with the sale of the property. Without seeking to be

substituted or joined as a party [citation omitted], or at the very least moving to amend the warrant prior to its execution [citation omitted], *Kraumlap Realty Corp. had no authority to order the marshal to proceed with the eviction.*" (Emphasis added.)

Having concluded that Kraumlap had wrongfully evicted plaintiff and operating in some measure on the belief that the two nonpayment proceedings had not been consolidated, the court determined, as a matter of equity, that plaintiff had not established a sufficient basis for ousting the new tenant, who had entered the lease in good faith and with no knowledge of the plaintiff's rental disputes with the property owners. Accordingly, the court denied plaintiff's motion to be restored to possession, but, at the same time, denied Kraumlap's cross motion to be substituted as party petitioner and to file a referee's deed and assignment nunc pro tunc.

Plaintiff did not appeal that decision of the Housing Court, but, instead, commenced the instant action in Supreme Court for wrongful eviction against Kraumlap, Kohl, the City Marshal and VIP Moving Systems, Inc., seeking, inter alia, damages, treble damages and attorneys' fees pursuant to the Rent Stabilization Law and Code and the Real Property Law.

Plaintiff moved for partial summary judgment on the issue of Kraumlap's liability on her wrongful eviction claim. Plaintiff contended that Kraumlap's liability had already been established by Judge Heymann's decision holding that Kraumlap had no authority under the eviction warrant issued to Kohl to proceed with an eviction. Plaintiff submitted additional evidence in support of her claim that the two nonpayment proceedings had been consolidated and that the November 10, 1993 judgment and warrant of eviction which had been issued pursuant to that judgment had been superceded by the May 11, 1994 judgment, from which no warrant of eviction ever issued. Thus, plaintiff maintained that Kraumlap carried out an eviction based on no warrant or on a warrant that it was not authorized to use, and accordingly is liable to plaintiff for wrongful eviction.

Kraumlap cross-moved for summary judgment dismissing plaintiff's complaint, arguing, inter alia, that plaintiff had already litigated the issues in this proceeding in Housing Court, that she did not appeal that decision, and that Judge Heymann's decision operates as res judicata to bar the present action. Fourth-party defendant Wavecrest also cross-moved for summary judgment dismissing the fourth-party complaint against it.

Supreme Court denied plaintiff's motion for partial summary judgment on Kraumlap's liability; granted Kraumlap's motion

for summary judgment dismissing the complaint and all cross claims against it; and granted Wavecrest's cross motion for judgment dismissing the fourth-party complaint. The court reasoned in pertinent part as follows: "In denying plaintiff's motion [to be restored to possession], [the Housing Court] effectively found that, in light of the correctness of the proceeding, the failure to substitute the new owner was the equivalent of failing to perform a ministerial task which did not render the entire eviction unlawful. This order by Judge Heymann was . . . never appealed . . . . It is axiomatic that, failing to timely take the requisite appeal procedure, the parties are bound by the decision and order of the Court. Said decision becomes *res judicata*, or law of the case. This Court finds that the 1994 decision of Judge Heymann, covering as it does virtually the same facts as in this case, is *res judicata* in the matter."

The motion court erred in determining that the Housing Court's denial of plaintiff's motion to be restored to possession was res judicata, barring her instant claim for monetary damages for wrongful eviction.

Res judicata and collateral estoppel are related doctrines that are designed to limit or preclude relitigation of matters that have already been determined (*People v Evans*, 94 NY2d 499, 502 [2000]). Res judicata generally precludes relitigation of *claims*, while collateral estoppel precludes relitigation of issues (*id.*).

Plaintiff's claim in Housing Court was that she should be restored, as a matter of equity, to possession of her apartment. Her claim was based, in part, on her assertion that the warrant of eviction under which Kraumlap was operating had been superceded by a later judgment or that it did not authorize Kraumlap to evict her. Plaintiff lost on her restoration claim, because the court determined that she had not provided a sufficient equitable basis for ousting the new tenant from possession. The correctness of that decision is not before us. Under res judicata principles, plaintiff would be barred from relitigating her claim to be restored to possession of the apartment. She is not, however, precluded from asserting and litigating a claim for damages arising from the allegedly wrongful eviction (*see e.g. Padilla v Padilla*, 164 Misc 2d 740 [1995] [where an eviction is held to be illegal but a new tenant is already in place, the court must balance the equities to determine if reinstatement is warranted or if the evicted tenant is relegated to a damages action only]).

Moreover, the issue of whether Kraumlap wrongfully evicted plaintiff was determined by the Housing Court, adversely to

Kraumlap. Contrary to the motion court's determination, the Housing Court did not conclude that plaintiff's eviction was lawful or that the failure of Kraumlap to be substituted on the warrant or joined as a party was a mere technical defect that did not render the eviction unlawful. Rather, the court specifically concluded that Kraumlap had no authority under the warrant and thus, that the warrant was improperly effectuated. The issue of the lawfulness of Kraumlap's eviction of plaintiff was therefore determined between the parties, and, under collateral estoppel principles, Kraumlap is foreclosed from relitigating that issue in the present damages action. Concur—Andrias, J.P., Sullivan, Rosenberger and Friedman, JJ.