■ 2 NORTH BROADWAY FOOD, INC., Appellant, v GETTY SQUARE REALTY, LLC, Respondent. [771 NYS2d 526]—

In an action, inter alia, to recover damages for breach of a commercial lease, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Murphy, J.), dated October 8, 2002, as granted that branch of the defendant's motion which was for summary judgment dismissing the first cause of action alleging breach of the lease.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant landlord demonstrated in its motion for summary judgment that, as a matter of law, the plaintiff tenant defaulted in its performance under the parties' lease. The plaintiff committed numerous violations as cited by the Yonkers Department of Housing and Buildings which led to a court-ordered closure of the premises due to the imminent danger posed to "the occupants [and] any customers entering that retail space." Contrary to the plaintiff's contentions, the overwhelming majority of violations were the responsibility of the plaintiff. Notwithstanding service by the defendant of a five-day notice to cure said violations, the plaintiff did not cure the violations, and

failed to interpose or establish any defense to the defendant's subsequent summary holdover proceeding. Thus, the plaintiff has no viable claim for damages predicated upon the defendant's alleged breaches of the parties' lease (*see Fusco v Kraumlap Realty Corp.*, 1 AD3d 189; *Dinolfi v Berkeley Assoc. Co.*, 98 AD2d 644 [1983]). In opposition, the plaintiff failed to demonstrate the existence of a triable issue of fact.

The plaintiff's remaining contentions are without merit. Ritter, J.P., S. Miller, Luciano and Townes, JJ., concur.