OPINION OF THE COURT
Thomas F. Whelan, J.
It is ordered that this motion (#003) by the defendants for an *1031 order granting them leave to amend their answer to assert the affirmative defense of lack of capacity to sue and for dismissal of the complaint pursuant to CPLR 3211 on that basis is considered under CPLR 3025 and 11 USC § 541 and is denied.
In this personal injury action, the plaintiff seeks the recovery of damages attributable to the personal injuries she sustained in a motor vehicle accident that occurred on August 2, 2006. Two and one-half weeks prior to the accident, the plaintiff filed a petition in bankruptcy with the United States District Court of New York. This July 14, 2006 bankruptcy filing was dismissed on March 2, 2007, on motion of the bankruptcy trustee due to the plaintiffs failure to make payments due under the terms of a chapter 13 repayment plan. On October 4, 2008, the plaintiff commenced this action to recover on the personal injury claims that accrued on August 2, 2006, the date of the subject motor vehicle accident.
The defendants now move to amend their answer to include the affirmative defense of lack of capacity to sue and for an accelerated judgment dismissing the plaintiffs complaint on that ground. The lack of capacity to sue allegedly arises from the fact that the claim that is the subject of this action is an asset of the bankruptcy estate over which only the trustee may act. Although the claims were not in existence on the date the bankruptcy petition was filed, claims arising post-petition are allegedly part of the estate and the plaintiff was under a continuing duty to amend her filing to reflect such claim. The defendants further allege that only the bankruptcy trustee is vested with capacity to sue on the claim because the character of the undisclosed and unscheduled claim remained the property of the bankruptcy estate notwithstanding the dismissal of the bankruptcy proceeding prior to the commencement of this action. According to the defendants, the plaintiffs mere failure to disclose her claim once it arose during the pendency of the bankruptcy proceeding is sufficient to warrant the dismissal of her claims in this action, as it is immaterial whether such failure was due to inadvertence, mistake or purposeful concealment. The defendants thus seek leave to amend their answer to assert this lack of capacity to sue defense and for judgment thereon dismissing the complaint in its entirety.
It is well established that leave to amend an answer to assert an affirmative defense should generally be granted where the proposed amendment is neither palpably insufficient nor patently devoid of merit, and there is no evidence that it would *1032 prejudice or surprise the opposing party (see CPLR 3025 [b]; Giuffre v DiLeo, 90 AD3d 602 [2d Dept 2011]; Matter of Roberts v Borg, 35 AD3d 617, 618 [2d Dept 2006]; Public Adm’r of Kings County v Hossain Constr. Corp., 27 AD3d 714 [2d Dept 2006]). Mere lateness is not a basis for denying amendment unless the lateness is coupled with “significant prejudice to the other side” (see Giuffre v DiLeo, 90 AD3d 602 [2011], supra; US Bank, N.A.. v Sharif, 89 AD3d 723 [2d Dept 2011]). For the reasons stated below, the court denies the defendants’ application to amend their answer to assert the affirmative defense of lack of capacity and for the other relief demanded on this motion.
The object of a bankruptcy proceeding commenced under chapter 7 of the Bankruptcy Code is to provide the debtor with a “fresh start” upon discharge by the liquidation of all nonexempt property in the bankruptcy estate for the benefit of creditors. Pursuant to 11 USC § 541 (a) (1), the bankruptcy estate includes “all legal or equitable interests of the debtor in property as of the commencement of the case,” including contingent civil claims for damages possessed by the debtor (11 USC § 541 [a] [1]). It also includes “[a]ny interest in property that the estate acquires after the commencement of the case” (11 USC § 541 [a] [7]). Referred to as a catchall provision, section 541 (a) (7) embodies the principle that the estate, having a separate legal identity from the debtor, is an active entity comprised of not only property interests the debtor held at the commencement of the case, but of property the estate itself generates while operating under the aegis of the Bankruptcy Code (see Wade v Bailey, 287 BR 874, 880-881 [SD Miss 2001]). It does not, however, serve as an independent basis for the creation of estate property. By its express terms, section 541 (a) (7) only operates when property is encompassed within the estate in the first instance, after which time any property generated by that estate property becomes, itself, included in the estate (see In re Doemling, 116 BR 48, 50 [Bankr WD Pa 1990]).
Once an asset is deemed to belong to the bankruptcy estate, the asset may no longer be controlled by the debtor (see Matter of Educators Group Health Trust, 25 F3d 1281, 1284 [5th Cir 1994]). It is thus clear that a bankruptcy trustee appointed in a chapter 7 proceeding has the exclusive authority to prosecute a non-bankruptcy cause of action belonging to the estate (see Matter of New Era, Inc., 135 F3d 1206 [7th Cir 1998]; Matter of Educators Group Health Trust, 25 F3d 1281 [1994]; Matter of S.I. Acquisition, Inc., 817 F2d 1142, 1153-1154 [5th Cir 1987]; *1033 Matter of Long Is. Forum for Tech. v New York State Div. of Human Rights, 85 AD3d 791 [2d Dept 2011]). It is equally clear that a debtor is required to schedule such causes of action as assets on the bankruptcy petition so that the trustee can determine whether the claims should be abandoned or administered by the bankruptcy court for the benefit of the creditors (see Dynamics Corp. of Am. v Marine Midland Bank-N.Y., 69 NY2d 191, 195-196 [1987]; Tri-State Sol-Aire Corp. v Martin Assoc., 7 AD3d 514 [2d Dept 2004]; Mehlenbacher v Swartout, 289 AD2d 651 [3d Dept 2001]). If an estate cause of action is not listed in the schedule of assets, it cannot be deemed to have been abandoned by the trustee (see 11 USC § 554), and such cause of action remains the property of the estate (see 11 USC § 554 [d]; First Nat. Bank of Jacksboro v Lasater, 196 US 115 [1905]). A debtor has thus been held to lack the legal capacity to sue on all such undisclosed claims during or subsequent to the close of a chapter 7 bankruptcy proceeding (see Dynamics Corp. of Am. v Marine Midland Bank-N.Y., 69 NY2d at 195-196; Whelan v Longo, 23 AD3d 459 [2d Dept 2005], affd 7 NY3d 821 [2006]; Santori v Met Life, 11 AD3d 597, 599 [2004]; Coogan v Ed’s Bargain Buggy Corp., 279 AD2d 445 [2d Dept 2001]).
In contrast to chapter 7 proceedings, the object of a chapter 13 filing is the rehabilitation of the debtor under a plan that adjusts debts owed to creditors by the debtor’s regular periodic payments derived principally from income (see 11 USC § 1301 et seq.; First Capital Asset Mgt., Inc. v Satinwood, Inc., 385 F3d 159 [2d Cir 2004]). The bankruptcy estate under chapter 13 is broader than the estate in chapter 7 proceedings since a chapter 13 estate continues to accumulate property following the filing of the petition. Under 11 USC § 1306, all property specified in section 541 that the debtor acquires after the commencement of the action, but before the case is closed, dismissed or converted, is the property of the estate. Inclusion of both pre-petition assets and post-petition assets in a chapter 13 estate is due to the following: (1) that distribution of the estate assets administered by the trustee, principally income, must be made only in accordance with a plan that has been confirmed by the court; (2) except as to income and assets controlled by the trustee under the terms of the plan, the debtor is deemed to remain in possession of all property of the estate {see 11 USC §§ 1306 [b]; 1327 [b]); and (3) the confirmation of the plan “vests ail of the property of the estate in the debtor” {see 11 USC § 1327 [b]). Assets acquired post-confirmation are not included as property of the *1034 estate, unless they are necessary to maintain the plan (see 11 USC §§ 1306 [a]; 1326]). Unlike chapter 7 cases, there is no real disconnect of the estate property from the debtor under a chapter 13 filing, except to the extent that the plan, as confirmed by order of the court, places control over an asset in the hands of the trustee.
A filing under chapter 13 thus changes the calculus in determining the issue of standing or the capacity to prosecute civil causes of action from that applied to chapter 7 cases. “While Chapter 7 and Chapter 11 debtors lose standing to maintain civil suits — which must be brought and/or maintained by their bankruptcy trustees — it is clear that Chapter 13 debtors like plaintiff are not subject to this restriction” (Murray v Board of Educ. of City of New York, 248 BR 484, 486 [SD NY 2000], citing Olick v Parker & Parsley Petroleum Co., 145 F3d 513 [2d Cir 1998]). In Olick, the Second Circuit addressed for the first time the differences between chapter 7 and chapter 11 cases and found “that a Chapter 13 debtor, unlike a Chapter 7 debtor, has standing to litigate causes of action that are not part of a case under title 11” (145 F3d at 515). This holding was premised, in part, upon the fact that the focus of a chapter 13 bankruptcy is the repayment of debts, regularly, through future earnings rather than from a liquidation of assets owned by the debtor at the time of filing. The Olick court also relied upon the legislative history of section 1303 of chapter 13 as drawn from remarks in the Congressional Record: “[C]ertainly it is intended that the [Chapter 13] debtor has the power to sue and be sued” (id. at 516, quoting 124 Cong Rec Hll,106 [Sept. 28, 1978]; 817,423 [Oct. 5, 1978]).
Numerous other federal cases have also held that chapter 13 debtors are not deprived of standing to assert pre-petition causes of action and others accruing post-petition (see Ponton v AFSCME, 395 Fed Appx 867 [3d Cir 2010]; Smith v Rockett, 522 F3d 1080 [10th Cir 2008]; Autos, Inc. v Gowin, 244 Fed Appx 885 [10th Cir 2007]; Crosby v Monroe County, 394 F3d 1328 [11th Cir 2004]; Cable v Ivy Tech State Coll., 200 F3d 467, 472-474 [7th Cir 1999]; Bennett v Flagstar Bank, 2011 WL 6152940, 2011 US Dist LEXIS 141066 [SD Ga, Dec. 8, 2011, No. CV 210 181]; M & T Mtge. Corp. v White, 736 F Supp 2d 538 [ED NY 2010]; In re Stewart, 373 BR 801 [Bankr SD Ga 2007]; Snowden v Fred’s Stores of Tenn., Inc., 419 F Supp 2d 1367 [MD Ala 2006]; In re Bowker, 245 BR 192 [D NJ 2000]). While it is unclear from these case authorities whether a chapter 13 *1035 debtor has an exclusive right to sue (see In re Bowker, 245 BR 192 [2000]) or possesses such right concurrently with the trustee (see In re Stewart, 373 BR 801 [2007]), that which is clear is that the debtor has standing to prosecute non-bankruptcy causes of action (see Looney v Hyundai Motor Mfg. Ala., LLC, 330 F Supp 2d 1289 [MD Ala 2004]).
This court’s review of state case authorities that have addressed the capacity of a chapter 13 debtor to sue reveals that the issue is less than settled. In Gray v City of New York (58 AD3d 448, 449 [1st Dept 2009]), which was a breach of contract action prosecuted by a chapter 13 debtor, the First Department unequivocally held that the “[plaintiff’s failure to include his notice of claim in his bankruptcy petition deprived him of the legal capacity to sue herein (Whelan v Longo, 7 NY3d 821 [2006]), even if the omission was innocent (see Dynamics Corp. of Am. v Marine Midland Bank-N.Y., 69 NY2d 191 [1987]).” In Quiros v Polow (135 AD2d 697 [2d Dept 1987]), a legal malpractice action decided prior to Olick, the Second Department also held that a chapter 13 debtor lacked capacity to sue citing Dynamics Corp. of Am. v Marine Midland Bank-N.Y. (69 NY2d 191 [1987], supra). However, neither Whelan nor Dynamics involved a chapter 13 debtor.
In contrast, the Second Department held in Giovinco v Goldman (276 AD2d 469 [2d Dept 2000]) that a chapter 13 debtor has capacity to sue on medical malpractice claims. As authority for its holding, the Giovinco court relied upon Olick v Parker & Parsley Petroleum Co. (145 F3d 513 [1998], supra) and no fewer than 10 other federal case authorities. Two cases emanating out of the Fourth Department also followed the Second Circuit’s holding in Olick v Parker & Parsley Petroleum Co. (145 F3d 513 [1998], supra) and found that a chapter 13 debtor has capacity to sue on legal claims (see Kenney v National Fuel Gas Distrib. Corp., 8 AD3d 989 [4th Dept 2004]; Matter of Miller [Berti], 1 AD3d 885 [4th Dept 2003]).
There is a plethora of cases that fail to identify which chapter of the Bankruptcy Code the plaintiff filed under (see Mathus v Bouton’s Bus. Machs., Inc., 78 AD3d 476 [1st Dept 2010]; R. Della Realty Corp. v Block 6222 Constr. Corp., 65 AD3d 1323 [2d Dept 2009]; Wright v Meyers & Spencer, LLP, 46 AD3d 805 [2d Dept 2007]; Quinn v Guerra, 26 AD3d 872 [4th Dept 2006]; Monson v Israeli, 35 AD3d 680 [2d Dept 2006]; Santori v Met Life, 11 AD3d 597 [2004], supra; Whelan v Longo, 23 AD3d 459 [2005], supra; Martinez v Desai, 273 AD2d 447 [2d Dept 2000]). *1036 While cited frequently by defendants desirous of nonsuiting a plaintiff on lack of capacity grounds, these cases offer no authority that chapter 13 debtors may likewise be nonsuited.
Upon review of all of the case authorities cited above, this court finds Olick v Parker & Parsley Petroleum Co. (145 F3d 513 [1998], supra) and the Second Department’s holding in Giovinco v Goldman (276 AD2d 469 [2000], supra) to be controlling here. Consequently, the plaintiff in this case does not lack the capacity to prosecute her tort claims in this action by virtue of the filing of her chapter 13 petition and/or her failure to list the claims at issue in this action once they arose by an amendment of her bankruptcy petition.
In view of the foregoing, the instant motion (#003) by the defendants for leave to amend their answer to assert the affirmative defense of lack of capacity to sue and for dismissal of the complaint on that ground is denied, since the defense is palpably insufficient and patently devoid of merit.