Theresa Nicke et al., Appellants, v Schwartzapfel Partners, P.C., Also Known as Schwartzapfel Lawyers, P.C., et al., Respondents. [51 NYS3d 121]—

In an action, inter alia, to recover damages for legal malpractice and fraud, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau

County (Mahon, J.), entered March 27, 2014, as granted those branches of the separate motions of the defendants Schwartzapfel Partners, P.C., also known as Schwartzapfel Lawyers, P.C., and Steven Schwartzapfel, and the defendant Michael Shapiro, which were pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against each of them for lack of capacity to sue.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the plaintiffs payable by the respondents appearing separately and filing separate briefs, and those branches of the separate motions of the defendants Schwartzapfel Partners, P.C., also known as Schwartzapfel Lawyers, P.C., and Steven Schwartzapfel, and the defendant Michael Shapiro, which were pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against each of them are denied.

In May 2004, the plaintiff Theresa Nicke (hereinafter the injured plaintiff) allegedly was injured in a motor vehicle accident. In August 2004, the injured plaintiff and her husband, the plaintiff Fred C. Nicke, commenced a Chapter 13 bankruptcy proceeding (1978 Bankruptcy Code [11 USC] ch 13). The plaintiffs did not include the potential personal injury claim as an asset in their schedule of assets. In May 2005, the defendant Schwartzapfel Partners, P.C., also known as Schwartzapfel Lawyers, P.C. (hereinafter the law firm), commenced a personal injury action (hereinafter the 2005 action) on behalf of the injured plaintiff, seeking to recover damages for the injuries she sustained in the May 2004 motor vehicle accident.

The defendants in the 2005 action moved, inter alia, pursuant to CPLR 3211 (a) (3) to dismiss the complaint on the ground that the injured plaintiff lacked the legal capacity to sue, since she had not included the claim as an asset in the bankruptcy petition. In an order dated February 8, 2008, the Supreme Court, Suffolk County, granted the motion to dismiss, concluding that the injured plaintiff lacked the capacity to sue. The injured plaintiff did not appeal from that order.

A new action was commenced by the law firm on May 13, 2008, in the name of the bankruptcy trustee. Thereafter, in January 2010, the plaintiffs were discharged from bankruptcy. The personal injury action continued in the name of the trustee, and in May 2011, a trial was held in that action. The defendant Michael Shapiro, a physician, testified on behalf of the trustee. The action resulted in a $300,000 verdict in favor of the trustee, which was then settled for $500,000 pursuant to

a "high-low" agreement that had been entered into by the parties. In July 2011, the bankruptcy proceeding was closed and a final decree issued.

In September 2013, the plaintiffs commenced this action in the Supreme Court, Nassau County, against Steven Schwartzapfel and the law firm (hereinafter together the Schwartzapfel defendants), as well as Shapiro, seeking to recover damages for, inter alia, legal malpractice and fraud based on their actions with regard to the 2011 trial. According to the plaintiffs, the Schwartzapfel defendants and Shapiro altered a report to make the injured plaintiff's injuries seem worse than they actually were, and at the 2011 trial, Shapiro was cross-examined about the altered report. The plaintiffs alleged that the jury reduced the verdict based on the lack of Shapiro's credibility. The Schwartzapfel defendants filed a pre-answer motion to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1), (3), and (5), and based upon the doctrine of judicial estoppel. Shapiro separately moved to dismiss the complaint insofar as asserted against him on the same grounds. In an order entered March 27, 2014, the Supreme Court granted those branches of the defendants' separate motions which were pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against each of them on the ground that the plaintiffs lacked capacity to commence the action, and denied the remaining branches of the motions as academic. The plaintiffs appeal, and we reverse insofar as appealed from.

The Supreme Court erred in granting those branches of the defendants' separate motions which were pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against each of them. Capacity to sue concerns a litigant's power to appear and bring its grievance before the court (see *Community Bd. 7 of Borough of Manhattan v Schaffer*, 84 NY2d 148, 155 [1994]; *Caprer v Nussbaum*, 36 AD3d 176, 181 [2006]). Contrary to the court's determination, the plaintiffs, as litigants in a Chapter 13 bankruptcy proceeding, possessed the requisite capacity to maintain this action (see *Giovinco v Goldman*, 276 AD2d 469, 469 [2000]; *Olick v Parker & Parsley Petroleum Co.*, 145 F3d 513, 515 [1998]).

Further, the doctrine of collateral estoppel does not bar a finding that the plaintiffs had capacity to commence this action. The doctrine of collateral estoppel, or issue preclusion, "applies if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the [party against whom the issue was decided]

had a full and fair opportunity to litigate the issue in the earlier action" (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349 [1999]; *see Spencer v Tower Ins. Group Corp.*, 130 AD3d 709, 710 [2015]). The issue decided in the 2005 action was whether the plaintiff Theresa Nicke had capacity to maintain that action where she failed to include the action as an asset in her bankruptcy petition. Such a determination does not preclude her from maintaining other causes of action arising out of different facts and at different times, such as here, where the plaintiffs claim damages based on legal malpractice and fraud arising from the defendants' alleged actions relating to the 2011 trial. The defendants' contention that the plaintiffs are barred under the doctrine of judicial estoppel is likewise without merit (*see Davis v Citibank, N.A.*, 116 AD3d 819, 821 [2014]; *Kenney v National Fuel Gas Distrib. Corp.*, 8 AD3d 989, 989 [2004]).

Furthermore, to the extent so argued by the defendants, we find that the plaintiffs, as Chapter 13 debtors, had standing to maintain this action. We note that standing, of course, concerns the absence or presence of a sufficiently cognizable stake in the outcome of the litigation (*see Silver v Pataki*, 96 NY2d 532 [2001]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242 [2007]).

In contrast to Chapter 7 proceedings, the object of a Chapter 13 proceeding is the rehabilitation of the debtor under a plan that adjusts debts owed to creditors by the debtor's regular periodic payments derived principally from income. Thus, in a Chapter 13 proceeding, a debtor generally retains his property, if he so proposes, and seeks court confirmation of a plan to repay his debts over a three- to five-year period (*see* 11 USC §§ 1306 [b]; 1322, 1327 [b]). Payments under a Chapter 13 plan are usually made from a debtor's "future earnings or other future income" (11 USC § 1322 [a] [1]). "Accordingly, the Chapter 13 estate from which creditors may be paid includes both the debtor's property at the time of his bankruptcy petition, and any wages and property acquired after filing" (*Harris v Viegelahn*, 575 US —, —, 135 S Ct 1829, 1835 [2015]; *see* 11 USC § 1306 [a]). Assets acquired after a Chapter 13 plan is confirmed by the court are not included as property of the estate, unless they are necessary to maintain the plan (*see* 11 USC §§ 1306 [a]; 1326), or the trustee seeks a modification of the plan to remedy a substantial change in the debtor's income or expenses that was not anticipated at the time of the confirmation hearing (*see* 11 USC § 1329 [a]; *In re Solis*, 172 BR 530, 532 [Bankr SD NY 1994]). Unlike Chapter 7 proceed-

ings, there is no separation of the estate property from the debtor under a Chapter 13 proceeding, except to the extent that the plan, as confirmed by order of the court, places control over an asset in the hands of the trustee (*see Harris v Viegelahn*, 575 US at —, 135 S Ct at 1835). This is the basis for the conclusion that, while Chapters 7 and 11 debtors lose capacity to maintain civil suits, Chapter 13 debtors do not (*see Giovinco v Goldman*, 276 AD2d 469 [2000]; *Olick v Parker & Parsley Petroleum Co.*, 145 F3d at 515-516). Thus, a Chapter 13 debtor keeps all, or at the very least some, of the income and property he or she acquires during the administration of the repayment plan. Accordingly, in this action, it was never the bankruptcy estate, or its creditors, that was damaged by a decrease in the amount awarded in the underlying personal injury action due to the alleged conduct of the defendants. Only the plaintiffs had an interest in the recovery of damages in the personal injury action (*see Olick v Parker & Parsley Petroleum Co.*, 145 F3d at 516). Moreover, it was the plaintiffs and the defendants who were engaged in a face-to-face relationship in the underlying personal injury action and to the extent the defendants allegedly breached a duty in that action the foreseeable harm was to the plaintiffs, not the trustee or the bankruptcy estate. Thus, under the circumstances presented here, the relationship of the plaintiffs to the personal injury action is unique and demands an exception to the general rule regarding privity (*see Baer v Broder*, 86 AD2d 881 [1982]).

Accordingly, the Supreme Court erred in granting those branches of the defendants' separate motions which were pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against each of them for lack of capacity and/or standing to sue. Hall, Cohen and Barros, JJ., concur.

Dillion, J.P., dissents, and votes to affirm the order insofar as appealed from, with the following memorandum: The underlying facts of this case are not in dispute. In May 2004, the plaintiff Theresa Nicke (hereinafter the injured plaintiff) allegedly was injured in an automobile accident. In August 2004, she and her husband, Fred C. Nicke, filed for Chapter 13 bankruptcy protection (1978 Bankruptcy Code [11 USC] ch 13). The plaintiffs did not list their personal injury claim as a bankruptcy asset. In May 2005, the defendant Schwartzapfel Partners, P.C., also known as Schwartzapfel Lawyers, P.C. (hereinafter the law firm), on behalf of the injured plaintiff, commenced the first of two personal injury actions relating to the 2004 automobile accident. In an order dated February 8, 2008, the Supreme Court, Suffolk County, directed the

dismissal of the complaint on the ground that the plaintiffs lacked the legal capacity to sue, because the bankruptcy trustee was the only individual vested with title to the plaintiffs' claims. The injured plaintiff did not appeal from the order.

After the dismissal, the law firm commenced a second personal injury action on May 13, 2008, this time naming the bankruptcy trustee as the plaintiff. Although the plaintiffs were discharged from bankruptcy on January 22, 2010, the bankruptcy case was not actually closed by final decree until July 11, 2011. The second personal injury action continued in the name of the trustee, proceeded to trial in May 2011, and resulted in a $300,000 verdict, which was then settled for $500,000 pursuant to a "high-low" agreement that had been entered into by the parties. During the trial, the defendant Michael Shapiro, a physician, testified on behalf of the bankruptcy trustee.

In September 2013, the plaintiffs commenced this action, inter alia, to recover damages for legal malpractice and fraud against the law firm and Steven Schwartzapfel (hereinafter together the Schwartzapfel defendants) and Shapiro as to the alleged fraud and related claims committed in connection with the trial of the personal injury action. The plaintiffs claim that Shapiro and the Schwartzapfel defendants (hereinafter collectively the defendants) altered a medical report to make it appear that the injured plaintiff's injuries were more serious than they actually were. The alteration, which was brought out during cross-examination, allegedly reduced the value of the verdict as a result of Shapiro's lack of credibility. The Schwartzapfel defendants moved pursuant to CPLR 3211 (a) (1), (3), and (5), and upon the doctrine of judicial estoppel, to dismiss the complaint insofar as asserted against them. Shapiro separately moved to dismiss the complaint insofar as asserted against him on the same grounds. In an order entered March 27, 2014, the Supreme Court granted those branches of the defendants' separate motions which were pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against each of them. The court held that the plaintiffs lacked capacity to commence the legal malpractice and fraud action, as they were not the named plaintiffs in the second personal injury action. The court cited as authority *Martinez v Desai* (273 AD2d 447 [2000]), *Schepmoes v Hilles* (122 AD2d 35 [1986]), *Ervolino v Scappatura* (162 AD2d 654 [1990]), *Quiros v Polow* (135 AD2d 697 [1987]), and 11 USC § 554 (d). The plaintiffs appeal.

Initially, the Supreme Court, in its order dated February 8, 2008, directing the dismissal of the plaintiffs' first personal

injury action, inartfully did so on the basis of lack of "capacity" rather than on the related basis of lack of "standing." Despite their differences, standing and lack of capacity have been described as difficult to distinguish and as "twins" (Siegel, NY Prac § 136 [5th ed 2011]; see Siegel, NY Prac § 261). Both concepts fall within the scope of CPLR 3211 (a) (3), on which the dismissal was based (cf. Landau, P.C. v LaRossa, Mitchell & Ross, 11 NY3d 8 [2008]; David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:13 [2011]). The plaintiffs neither moved for leave to reargue nor appealed from the February 8, 2008, order. Thus, the propriety of that order is not before this Court (see Hausmann v United States Life Ins., 128 AD3d 545 [2015]; Fusco v Kraumlap Realty Corp., 1 AD3d 189, 193 [2003]). Indeed, the plaintiffs accepted the February 8, 2008, order when the second action was commenced, not by them, but by the bankruptcy trustee. Therefore, since the alleged legal malpractice and fraud occurred during the second action, only the bankruptcy trustee, and not the plaintiffs, has standing to pursue the claims that arose out of that trial. There was no attorney-client relationship or contractual privity between the plaintiffs and the Schwartzapfel defendants in that action (see Estate of Schneider v Finmann, 15 NY3d 306, 308-309 [2010]; Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood, 80 NY2d 377, 382 [1992]; Zinnanti v 513 Woodward Ave. Realty, LLC, 105 AD3d 736, 737 [2013]). Moreover, it is telling that factually, the plaintiffs' bankruptcy case was not "closed" by the Bankruptcy Court's final decree until July 2011, suggesting that it was kept "open" through the May 2011 trial to permit the trustee's continued prosecution of that civil action.

The majority places considerable importance upon the fact that the plaintiffs, as Chapter 13 debtors, as distinct from other chapter debtors, possess, in effect, a "near privity" exception to maintain their legal malpractice, fraud, and related claims in their own names, citing, inter alia, Baer v Broder (86 AD2d 881 [1982]). However, this argument was not raised by the plaintiffs before the Supreme Court and is therefore not properly before this Court. In any event, it does not provide a basis for departing from the prior determination of the Supreme Court in its February 8, 2008, order, which led the bankruptcy trustee to commence a new personal injury action in the plaintiffs' place and stead. The plaintiffs, as Chapter 13 debtors, relinquished their claims to the control of the bankruptcy trustee and lost their standing to sue on their own (see Martinez v Desai, 273 AD2d at 447-448). Thus, the

bankruptcy trustee is solely vested with standing to pursue any legal malpractice or fraud claims arising out of that action, rendering the Supreme Court's dismissal of the plaintiffs' complaint correct (*see In re Summit Metals, Inc.*, 477 BR 484, 501-502 [Bankr D Del 2012] [holding that only the trustee may sue counsel of the trustee]; *In re Continental Coin Corp.*, 380 BR 1, 16 [Bankr CD Cal 2007] [same]).

The plaintiffs' remaining contentions are without merit.

Accordingly, dismissal of the complaint was appropriate.