EOP Carie Merger Sub, Inc. v Wanderer (2025 NY Slip Op 02320)

EOP Carie Merger Sub, Inc. v Wanderer

2025 NY Slip Op 02320

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2023-05702
 (Index No. 607100/21)

[*1]EOP Carie Merger Sub, Inc., et al., plaintiffs/counterclaim defendants-respondents, et al., plaintiff, 
v
Matthew J. Wanderer, et al., defendants/counterclaim plaintiffs-appellants, et al., defendants; Ian Parker, counterclaim defendant-respondent.

DiCello Levitt LLP, New York, NY (Bruce D. Bernstein and Greg Gutzler of counsel), for defendants/counterclaim plaintiffs-appellants.
Jason R. Mischel, New York, NY, for plaintiffs/counterclaim defendants-respondents and counterclaim defendant-respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, fraud, and breach of fiduciary duty, the defendants/counterclaim plaintiffs appeal from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated March 23, 2023. The order, insofar as appealed from, granted that branch of the motion of the plaintiffs/counterclaim defendants and the counterclaim defendant which was pursuant to CPLR 3211(a) to dismiss the counterclaims insofar as asserted by the defendants/counterclaim plaintiffs against the plaintiffs/counterclaim defendants.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the plaintiffs/counterclaim defendants and the counterclaim defendant which was pursuant to CPLR 3211(a) to dismiss the counterclaims insofar as asserted by the defendants/counterclaim plaintiffs against the plaintiffs/counterclaim defendants is denied.
The plaintiffs/counterclaim defendants, EOP Carie Merger Sub, Inc. (hereinafter EOP), and Healixa, Inc. (hereinafter Healixa), and another plaintiff, commenced this action against the defendants/counterclaim plaintiffs, Carie Health, Inc. (hereinafter Carie Health), and Matthew J. Wanderer, among others, alleging, inter alia, breach of contract, fraud, and breach of fiduciary duty, arising from a merger agreement between the parties. Wanderer and Carie Health interposed an answer with counterclaims, which included nonparties Robert Gammons and Raymond Gene Apelado as counterclaimants and nonparty Ian Parker as a counterclaim defendant.
EOP, Healixa, and Parker moved pursuant to CPLR 3211(a) to dismiss the counterclaims, arguing, among other things, in effect, that Gammons and Apelado lacked capacity to sue, and Parker lacked the capacity to be sued, as they were not parties to the underlying action. The Supreme Court granted the motion in an order dated March 23, 2023. Wanderer and Carie Health appeal from so much of the order as granted that branch of the motion which was to dismiss the counterclaims insofar as asserted by them against EOP and Healixa.
"Capacity to sue concerns a litigant's power to appear and bring its grievance before [*2]the court" (Nicke v Schwartzapfel Partners, P.C., 148 AD3d 1168, 1170; see Community Bd. 7 of Borough of Manhattan v Schaffer, 84 NY2d 148, 155). Here, the Supreme Court erred in concluding, in effect, that Wanderer and Carie Health could not assert counterclaims against EOP and Healixa due to lack of capacity. Wanderer, Carie Health, EOP, and Healixa were all named parties, and thus, Wanderer and Carie Health had the power to assert counterclaims against EOP and Healixa. Therefore, the court should have denied that branch of the motion of EOP, Healixa, and Parker which was pursuant to CPLR 3211(a) to dismiss the counterclaims insofar as asserted by Wanderer and Carie Health against EOP and Healixa.
IANNACCI, J.P., FORD, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court